[Crim. No. 3072. Second Appellate District, Division One.—March 18, 1938.]

THE PEOPLE, Respondent, v. JULIUS L. GOTTLIEB et al., Defendants; KENNETH SMITH, Appellant.

412

Joseph O. Morris for Petitioner.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

WHITE, J.—In a complaint filed in the Justice's Court of Pasadena Township, appellant was accused of the crimes of burglary, grand theft and attempted robberies, all felonies, and pleaded as counts I, II, III and IV respectively, in said complaint. The record shows that upon his arraignment before the magistrate on October 1, 1937, appellant was represented by counsel; that the magistrate delivered to appellant a copy of the complaint and informed him of his right to the aid of counsel, whereupon appellant informed the court of the name and presence of his counsel. The record further shows that thereupon the magistrate read the complaint in question to appellant and inquired of him whether he pleaded guilty to the offenses charged (sec. 859a, Pen. Code), or whether he desired to have a preliminary examination thereon. The record discloses further that appellant thereupon, in the presence of his counsel, and with the consent of the magistrate and the district attorney, pleaded guilty to the offenses charged in counts I, II and III, while count IV was

dismissed on motion of the district attorney. The committing magistrate then certified the cause to the Superior Court of Los Angeles County. On October 4th, appellant appeared before the superior court without counsel, and the public defender was appointed to represent him. Thereupon appellant orally applied for probation, and hearing thereon, as well as the pronouncing of judgment and sentence, was continued to October 18th. On the last-named date appellant, accompanied by his counsel, again appeared in the superior court, at which time the court found the burglary charged in count I to be burglary in the second degree, denied appellant's application for probation, and pronounced concurrent judgments committing appellant to state prison on each of the three felonies. On November 8, appellant filed a "Notice of Motion to Open Judgment", by which application was made to the court for an order "vacating and setting aside said judgment and permitting the said Kenneth Smith to defend the said action in so far as count III of said information is concerned". Upon the same day, this motion was argued and by the court denied. Execution of the sentence was stayed for thirty days.

On December 10th another petition was filed by appellant asking for the same relief as that sought in the previous petition of November 8th. In support of these petitions there were filed an affidavit and two letters attesting to the previous good character of appellant, calling attention to his youth, and otherwise setting forth reasons why in the opinion of the affiant and the writers of the letters, leniency should be extended to appellant. In his petition appellant averred that he was but twenty-one years of age; had never before been charged with any criminal offense; that he was living with his parents, and since leaving school had regularly contributed toward the support of his parents and three younger children in the family; that he had made application for a position as a truck driver, but was advised by his physician that it would be dangerous for him to assume such a position until he had first been operated upon for threatened appendicitis, which operation would cost $100; that he was aware of the financial inability of himself and his family to pay for such operation; that by reason of the foregoing, when he became acquainted with his codefendant, who was an ex-convict, he "came under the malign influence of the code-

fendant, Julius L. Gottlieb, and was induced to adopt and follow the supposedly shorter and easier way of obtaining the funds required to meet the exigencies which confronted him''.

The petition then proceeds to allege:

"That upon being arrested, he was advised by the arresting officers, and who later had charge of the investigation of the case, and before he was required to plead, to confess and give the officers all the facts and plead guilty. He was influenced by the belief that it would go easier with him if he so confessed and plead guilty. He thereupon made a full disclosure not only of certain offenses regarding which the said officers were then inquiring, but also revealed other offenses of which the said officers had no prior intimation or knowledge.

'' . . . That in due time he was taken by a police officer to the Security Building in the City of Pasadena, California, and without his request taken into the office of a lawyer on the second floor of said Security Building, who looked over the written charges against him and without asking him any questions or giving him any opportunity to volunteer any information regarding the said charges, went with him and the officer or officers into the court room of Justice William E. Fox, and there told him to plead guilty to the said charges.

'' . . . That it was petitioner's first experience in appearing before a magistrate, that he was unacquainted with the rules and procedure involved in such matters, that he had not previously consulted nor had the advice of any counsel, that he was confused and abashed by the novel experience, and therefore at the suggestion of said lawyer pleaded guilty to all of the charges involved.''

The petition of December 10th was denied, and from the order of denial appellant prosecutes this appeal.

From a reading of the transcript in this case, it is apparent that the trial court was of the belief that the case was one warranting leniency, but because at the time of the commission of the offense charged in count III, around which the petition centers, appellant was armed with a deadly weapon, probation was prohibited, under the provisions of section 1203 of the Penal Code. From the proceedings had before the lower court on the hearing of appellant's petition, it appears that the main, if not the only, purpose of this appli-

cation to set aside the guilty plea as to count III and for leave to enter a plea of not guilty, was to permit the district attorney to dismiss count III, thereby, according to appellant, placing him in a position where probation could be granted on counts I and II, a proposal to which, as the record indicates, the district attorney was not averse.

■ While the averments contained in appellant's petition might well constitute a persuasive plea for executive clemency, they furnish no ground for holding that the court erred in denying the relief sought. ■ It is well settled in this state that this procedure to set aside a judgment after plea of guilty may only be resorted to where, on account of duress, fraud, or other force overreaching the free will and judgment of a defendant, he is deprived of the right to a trial on the merits. (*People* v. *Aseltine,* 139 Cal. App. 768, 770 [34 Pac. (2d) 830].) ■ The fact that a defendant did not receive a milder punishment by pleading guilty than that which he thought might be meted out to him if he stood trial, or the fact, as in the instant case, that the defendant might be placed in a position to receive a milder punishment for other crimes if his plea of guilty to a particular offense were set aside, presents no ground for the exercise of the discretion necessary to permit a plea of guilty to be withdrawn. (*People* v. *Manriquez,* 188 Cal. 602 [206 Pac. 63, 20 A. L. R. 1441].) ■ Neither does it avail appellant anything that he entered his plea solely on the advice of his counsel representing him in the case, because this falls far short of being a fraudulently obtained plea. It is not at all parallel to the situation disclosed in *People* v. *Schwarz,* 201 Cal. 309 [257 Pac. 71], relied upon by appellant here.

Having admitted his guilt, not only at the time of his pleas and to the probation officer, but also upon the hearing of his motion to vacate the judgment, how can appellant now be heard to say that fraud was practiced upon him resulting in a denial of his legal rights? The exceptional remedy above referred to was not designed to enable the guilty to escape punishment, but to purify and keep pure the administration of justice, and the same may be utilized upon only a strong and convincing showing of the deprivation of legal rights by extrinsic causes.

The order appealed from is affirmed.

York, P. J., and Doran, J., concurred.