[Crim. No. 5307. In Bank. July 7, 1952.]

THE PEOPLE, Respondent, v. ROBERT THOMAS
BALLENTINE, Appellant.

Callaghan, Giannini & Anello and Raymond G. Callaghan for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Wallace G. Colthurst, Deputy Attorney General, for Respondent.

EDMONDS, J.—Robert Thomas Ballentine, without representation by counsel, pleaded guilty to having committed the crimes of murder and robbery. After hearing evidence, the court determined that each crime was of the first degree. Upon the count charging robbery, Ballentine was sentenced to imprisonment for the period prescribed by law. On the charge of murder, the death penalty was imposed. The principal question presented upon the appeal, which is before this court pursuant to the provisions of section 1239(b) of the Penal Code, concerns the rights of Ballentine under section 1018 of that code relating to pleas of guilty.

When he appeared for arraignment, Ballentine was accompanied by an attorney. A continuance of one week was granted. At the next hearing, the attorney informed the court that he was "withdrawing from the case, Mr. Ballentine has no objection." To the court's question, "That is correct?" Ballentine replied, "Yes." The judge then said: "You are entitled to have an attorney. You ought to have one." Ballentine answered: "I don't wish to have an attorney, I waive it." He was then asked: "Do you object to the Court appointing one?" He replied: "I don't object to one, no. I am going to plead guilty. I can't see the sense of having one." Ballentine said that he realized the seriousness of the charge against him and knew he could be sen-

tenced to death. He stated that, before the magistrate for preliminary examination, he was advised of all of his rights, including the right to representation by an attorney.

Commenting that, "I can't force anything on you, Ballentine," the judge then informed him in detail concerning all of his legal rights. After stating that he was entitled to be represented by an attorney at all stages in the proceedings, the judge told Ballentine that if he was unable to employ counsel the court would appoint one for him.

Following Ballentine's pleas of guilty to each count of the information and his admission of two prior convictions of felonies, the judge again inquired: "You still don't want an attorney?" Ballentine answered, "No." The judge asked: "Did you talk with Mr. Chargin, who was advising you in the meantime, have you?" Ballentine said: "Yes, I talked to him." To the question, "He has given you such advice——" Ballentine replied, "No, he hasn't given me any advice." Ballentine said that he understood that he could have an attorney. Thereupon the court ordered his admissions and pleas of guilty entered by the clerk. At the commencement of the hearing to determine the degree of the crimes charged, the judge again inquired: "You still have no Counsel?" Ballentine answered: "No, I haven't." To the court's question, "You still don't want one?" he replied, "No."

Ballentine contends that the trial judge was without authority to receive and act upon his plea of guilty entered without representation by counsel. The position of the attorney general is that the acceptance of the plea did not constitute prejudicial error because Ballentine intelligently and voluntarily waived his right to counsel.

Section 1018 of the Penal Code reads in part: "No plea of guilty of a felony for which the maximum penalty is death . . . shall be received from a defendant who does not appear with counsel." The state relies upon article I, section 13, of the Constitution which guarantees to one accused of crime the right to "appear and defend, in person and with counsel." The attorney general argues that the code provision should not be construed to abrogate Ballentine's right to represent himself.

The statute, however, does not prevent a defendant from waiving his right to the aid of counsel and defending himself. It merely prohibits the court from receiving a plea of guilty to a felony for which the maximum punishment is death

made by a defendant not represented by counsel. ■ Should a defendant waive his right to counsel and refuse to answer the charge against him by an acceptable pleading, the court must enter a plea of not guilty for him (Pen. Code, § 1024.) The cause would then proceed to trial and the defendant might represent himself, subject to the requirement that his waiver of the right to counsel was made understandingly, competently, and voluntarily in the exercise of a free choice. (*Cf. In re James*, 38 Cal.2d 302, 313 [240 P.2d 596]; *People* v. *Chesser*, 29 Cal.2d 815, 822 [178 P.2d 761].)

■ Although a defendant has the right to defend himself in person in a criminal prosecution (Const., art. I, § 13), he is not guaranteed the right to plead guilty to a charge of a felony punishable with death. In that situation, "such proceedings shall be had as are . . . prescribed by law." (Const., art. I, § 8.) The Legislature has deprived the court of the power to accept a guilty plea from a defendant charged with a felony punishable with death when he is not represented by counsel.

Our statute, enacted in 1949, is similar to those in other jurisdictions designed to protect adequately the rights of a defendant charged with a capital offense. New Jersey, since 1893, has provided that: "In no case shall the plea of guilty be received upon any indictment for murder, and if, upon arraignment, such plea should be offered, it shall be disregarded, and the plea of not guilty entered, and a jury, duly impaneled, shall try the case in manner aforesaid." (N.J.S.A. 2:138-3.) The constitutionality of this provision was upheld in *State* v. *Genz*, 57 N.J.L. 459 [31 A.1037], against the contention that the statute deprived the defendant of the right to enter a plea of guilty.

Louisiana has a similar requirement which declares: "No court has authority to receive an unqualified plea of guilty in any capital case, and if any defendant so plead, the court shall refuse to receive the plea and shall order the plea of not guilty entered for him." (L.S.A.-R.S. 15:262.) In New York it is provided that: "A conviction shall not be had upon a plea of guilty where the crime charged is or may be punishable by death." (Code Cr. Proc., § 332.)

The principal difference between our statute and those of some other jurisdictions is that, in this state, a defendant appearing with counsel may enter a plea of guilty to a felony punishable by death, whereas elsewhere the plea is forbidden. ■ Not having an absolute right to enter a plea of

guilty, the defendant is not deprived of any right by being permitted to enter the plea only if he is represented by counsel. The validity of the limitation upon entry of the plea is not affected, therefore, by the provision of our statute permitting the plea when the defendant has representation.

 Ballentine has taken no appeal from that portion of the judgment determining that he is guilty of robbery in the first degree. However, the murder to which he pleaded guilty was committed in the course of the robbery of which he has been convicted. The same person was the victim of both crimes. The trial court found the killing to be murder in the first degree because it was committed in the perpetration of a robbery. Proof of the robbery, therefore, was essential to the conviction of murder in the first degree. If, on retrial, the conviction of robbery were to be deemed conclusive, the state would be required only to prove the killing in its perpetration to support a judgment of murder in the first degree. Under these circumstances, the entire judgment should be reversed.

The judgment is reversed with directions to the trial court to strike from its records Ballentine's plea of guilty to the charge of murder. The court is also directed to permit Ballentine to withdraw his plea of guilty to the charge of robbery if he be so advised. Further proceedings in the cause shall be had in accordance with the views expressed herein. The petition for leave to produce additional evidence is denied.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.