[Crim. No. 3234.    First Dist., Div. Two.    Oct. 18, 1956.]

In re CHARLES W. CROFT, on Habeas Corpus.

Charles W. Croft, in pro. per., and Louis S. Katz for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

DEVINE, J. pro tem.*—Petitioner seeks by writ of habeas corpus to have a judgment and commitment to state prison declared void on the ground that his plea of guilty was induced by a representation by his own counsel that he would receive probation and no more than a county jail sentence, and that this representation was corroborated by acts of the district attorney. It may be noted that petitioner was before this court in an attempt to accomplish the same results he seeks herein on an appeal from an order denying him a writ of *coram nobis.* (*People* v. *Croft,* 134 Cal.App.2d 800 [286 P.2d 479].) In that proceeding he appeared in propria persona and he failed to present in the trial court any affidavits to establish a factual basis for relief, but in this proceeding, his counsel has filed appropriate affidavits.

In affidavits of members of his family, as well as in his own verified petition, it is alleged that, while petitioner was ready to proceed to trial, his attorney (not the counsel who repre-

---

*Assigned by Chairman of Judicial Council.

sents him in this proceeding) told him that the judge and the district attorney had promised that he would receive probation and a county jail sentence. Petitioner alleges that he believed this representation and entered his plea of guilty; that the representation of counsel was apparently corroborated by the action of the district attorney, who, just before the plea, replied to the court's interrogation that he was in accord with petitioner's counsel and moved to strike the words "with assault to commit murder" from an assault charge, and moved to dismiss charges against petitioner's brother. Petitioner contends that by tests set forth in the case of *People* v. *Gilbert,* 25 Cal.2d 422, 433 [154 P.2d 657], he is entitled to relief if he can establish (1) an unqualified assertion by his attorney to petitioner that a responsible officer of the state had agreed to a certain maximum punishment in return for a plea of guilty; (2) an apparent corroboration of that assertion by an officer of the state, and (3) reliance by petitioner on the assertion and the apparent corroboration.

When the matter was presented to us, there was nothing to give us an account of the matter on the part of petitioner's attorney at the time of the plea. The court appointed Honorable Murray Draper as a referee to make findings of fact. The referee held a hearing at San Quentin prison, and after taking evidence presented by petitioner and also the testimony of his former attorney, made his finding that the attorney did not make a representation that any responsible officer of the state had entered into a bargain purporting to give petitioner a lesser punishment than he would receive otherwise, in exchange for a plea of guilty. The referee's finding is entitled to great weight. (*In re Allen,* 47 Cal.2d 55, 57 [301 P.2d 557].) We conclude that petitioner has not established the first and basic requisite for the relief he seeks.

The referee found that petitioner's counsel at the time of the plea believed, and represented to petitioner, that the latter was eligible for probation, but he made no representation that any officer of the state had made any statement upon this subject. Petitioner cannot be relieved from such a mistake made by his own counsel. (*People* v. *Miller,* 114 Cal. 10, 16 [45 P. 986]; *In re Hough,* 24 Cal.2d 522, 531 [150 P.2d 448]; *People* v. *Gottlieb,* 25 Cal.App.2d 411, 415 [77 P.2d 489]; *People* v. *Morton,* 100 Cal.App.2d 269 [233 P.2d 259].) He cites several cases in which it has been held that

there is denial of due process of law when the representation by counsel is a sham, as in *Powell* v. *Alabama*, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158], but this is a very different matter from a mistake of law by counsel who was selected by defendant and who was not acting in collusion with any officer of the state.

The petition to have the plea of guilty, the judgment, and the commitment set aside is denied, and the writ is discharged.

Nourse, P. J., concurred.