[Crim. No. 3356. First Dist., Div. Two. Oct. 7, 1957.]

THE PEOPLE, Respondent, v. ELEODORO
MARTINEZ, JR., Appellant.

234

Richard L. Soulsby, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—The appellant, Eleodoro Martinez, Jr., was accused by information of violating Penal Code, section 245, assault by means of force likely to produce great bodily injury. At the arraignment in the Superior Court of Contra Costa County on January 7, 1957, the trial court upon the appellant's request, appointed counsel to represent him, and continued the matter of the plea until January 14, 1957. On January 14, 1957, the court, at the appellant's request granted a continuance of one week "for the purpose of entering a plea." On January 21, 1957, the appellant appeared with his counsel and entered a plea of guilty to the offense charged in the information. On February 11, 1957, after considering the probation officer's report, the trial court denied probation and sentenced the appellant to the state prison at San Quentin for the term prescribed by law.

The only issue raised by this appeal is whether the appellant's rights to due process of law under section 13, article I of the state Constitution, and Amendment 14 of the Consti-

tution of the United States were denied to him by the failure of the trial court to explain to him the effect and meaning of his plea of guilty and the degree of his crime and the punishment therefor.

 Section 13 of article I of the state Constitution and the Fourteenth Amendment of the Constitution of the United States guarantee to every defendant due process of the law. The right to counsel and the right to enter a plea in open court are essential aspects of due process. (*Powell* v. *Alabama*, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527]; *Johnson* v. *Zerbst*, 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357]; *People* v. *Lanigan*, 22 Cal.2d 569 [140 P.2d 24, 148 A.L.R. 176]; *People* v. *McGarvy*, 61 Cal.App.2d 557 [142 P.2d 92]; *In re Hough*, 24 Cal.2d 522 [150 P.2d 448]; *In re Rider*, 50 Cal.App. 797 [195 P. 965]; *People* v. *Boyden*, 116 Cal.App.2d 278 [253 P.2d 773]; *People* v. *Napthaly*, 105 Cal. 641 [39 P. 29]; *In re McCoy*, 32 Cal.2d 73 [194 P.2d 531].) It is clear that these aspects of due process may be waived under the proper circumstances. (*People* v. *Ballentine*, 39 Cal.2d 193 [246 P.2d 35]; *In re James*, 38 Cal.2d 302 [240 P.2d 596].) In this state there are also many statutory provisions which amplify and protect the right to counsel and the circumstances of the plea in criminal cases, Penal Code, sections 686, 825, 858, 859, 859a, 860, 987, 1016-1018, among others.

The question presented by this case is a unique one, as the appellant was adequately represented by counsel and there is no allegation that he was denied effective counsel, or that in any way the prescribed statutory procedure for the entry of his plea was violated. The past decisions have been concerned chiefly with the issue of how far a court must go to assure due process in the situation where the defendant is not represented by counsel at all, or where the plea of guilty has been entered under circumstances which operate to preclude the exercise of free will and judgment by the party, (*People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657]) such as, for example, the participation of an officer of the state in misrepresenting to a defendant that he would receive a lesser punishment or immunity than he might otherwise receive in exchange for a plea of guilty, (*People* v. *Smith*, 120 Cal.App.2d 531 [261 P.2d 306]; *People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375], cert. denied 337 U.S. 909 [69 S.Ct. 1041, 93 L.Ed. 1721]), or a plea obtained by duress, fraud or force. (*People* v. *Aseltine*, 139 Cal.App. 768 [34 P.2d 830].) The appellant

argues that the total absence in the clerk's record on appeal of any explanation by the court of the meaning and effect of the plea of guilty or the degree of punishment amounts to such a substantial deprivation of the exercise of the free will and judgment of the party through an act participated in by the State that the plea must be vitiated in order to give this appellant due process.

As an examination of recent United States Supreme Court cases in this particular area of due process (*Betts* v. *Brady,* 316 U.S. 455 [62 S.Ct. 1252, 86 L.Ed. 1595]; *Rice* v. *Olson,* 324 U.S. 786 [65 S.Ct. 989, 89 L.Ed. 1367]; *DeMeerleer* v. *Michigan,* 329 U.S. 663 [67 S.Ct. 596, 91 L.Ed. 584]; *Carter* v. *Illinois,* 329 U.S. 173 [67 S.Ct. 216, 91 L.Ed. 172]; *Foster* v. *Illinois,* 332 U.S. 134 [67 S.Ct. 1716, 91 L.Ed. 1955]; *Gayes* v. *New York,* 332 U.S. 145 [67 S.Ct. 1711, 91 L.Ed. 1962]; *Marino* v. *Ragen,* 332 U.S. 561 [68 S.Ct. 240, 92 L.Ed. 170]; *Haley* v. *Ohio,* 332 U.S. 596 [68 S.Ct. 302, 92 L.Ed. 224]; *Bute* v. *Illinois,* 333 U.S. 640 [68 S.Ct. 763, 92 L.Ed. 986]; *Wade* v. *Mayo,* 334 U.S. 672 [68 S.Ct. 1270, 92 L.Ed. 1647]; *Gryger* v. *Burke,* 334 U.S. 728 [68 S.Ct. 1256, 92 L.Ed. 1683]; *Townsend* v. *Burke,* 334 U.S. 736 [68 S.Ct. 1252, 92 L.Ed. 1690]; *Uveges* v. *Pennsylvania,* 335 U.S. 437 [69 S.Ct. 184, 93 L.Ed. 127]; *Gibbs* v. *Burke,* 337 U.S. 773 [69 S.Ct. 1247, 93 L.Ed. 1686]; *Quicksall* v. *Michigan,* 339 U.S. 660 [70 S.Ct. 910, 94 L.Ed. 1188]; *Gallegos* v. *Nebraska,* 342 U.S. 55 [72 S.Ct. 141, 96 L.Ed. 86]) indicates that the problems here presented are difficult and complex. ▮ As pointed out in *Gibbs* v. *Burke, supra,* at page 781, ''The due process clause is not susceptible of reduction to a formula,'' but depends on all of the circumstances. This is equally applicable to the due process provision of our state Constitution. The record before us in this case reveals no facts or circumstances which would compel us to place upon the trial court the duties requested by the appellant. This does not mean that in a proper case such duties should not be imposed on a trial court in order to meet due process requirements of the state and federal Constitutions. In *DeMeerleer* v. *Michigan, supra,* the conviction for murder of a 17-year-old defendant who appeared without counsel was reversed because of the court's failure to inform the defendant of his right to counsel or the consequences of his plea. ▮ There are no facts here which indicate that the appellant has been deprived of due process. The record clearly imports an observance of due process as it reveals that appellant was at all times represented by counsel and was

granted a continuance of a week to discuss the plea with an attorney. ■ In *People* v. *Morton,* 100 Cal.App.2d 269, the court said at pages 270-271 [223 P.2d 259] : "No responsibility rests upon the State to see that an accused receives sound advice from his attorney." In *Gallegos* v. *Nebraska,* 342 U.S. 55, the court said at page 64 [72 S.Ct. 141, 96 L.Ed. 86] : "Lack of counsel at State noncapital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice." ■ In accord, the courts of this state have held that reliance on the advice of private counsel is not sufficient to vitiate a plea entered in reliance thereon, in the absence of proof of other circumstances which deprive the defendant of the exercise of his free will and judgment in making the plea. (*People* v. *Martinez,* 88 Cal.App.2d 767 [199 P.2d 375] ; *People* v. *Miller,* 114 Cal. 10 [45 P. 986] ; *In re Hough,* 24 Cal.2d 522 [150 P.2d 448] ; *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657] ; *People* v. *Gottlieb,* 25 Cal.App.2d 411 [77 P.2d 489].)

Appellant relies chiefly on *People* v. *Washington,* 5 Ill.2d 58 [124 N.E.2d 890], in which the record did not contain any statement by the court advising the defendant, who was represented by counsel, of the effect of his plea of guilty to a charge of murder. The judgment was reversed and remanded on the basis of the 1953 Amendment to Illinois Statutes, chapter 38, subdivision 732, which states : "In cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persists in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury," and the 1955 Amendment to Illinois Supreme Court Rule 26, Illinois Statutes, chapters 110, 101.26, also requires that a plea of guilty cannot be accepted unless the record indicates that the accused has been informed of the consequences of his plea.

Appellant admits that there are no precisely similar statutory or other provisions in this state, but argues that our existing statutes should be similarly construed, and that Penal Code, section 1192, requires the court to apprise a defendant of the nature of the crime and the punishment therefor.

■ The crime with which the appellant was charged, violation of Penal Code, section 245, is punishable by "either imprisonment in the State prison not exceeding ten years, or

in a county jail not exceeding one year, or by fine . . . or by both. . . ." There can be no claim that the trial court in any way abused its discretion in not granting probation or imposing a county jail sentence under the circumstances here presented under which the appellant voluntarily gambled on the type of sentence he would receive. (*People* v. *Lamb*, 64 Cal.App.2d 409 [148 P.2d 873].)

Appellant further argues that in view of the alternative punishment permitted by statute, he was unaware of the punishment he may receive and was therefore denied his constitutional right, as the record must show that the court has complied with this section. (*People* v. *Bayne*, 136 Cal. App. 341 [28 P.2d 1068].) Penal Code, section 1192, refers to crimes "distinguished or divided into degrees" and requires that before passing sentence, the court must determine the degree of the crime. The crime set forth in Penal Code, section 245, is not such a crime. In *People* v. *Smink*, 105 Cal. App. 784 [288 P. 873], it was held that on arraignment the court was not required to inform a defendant, who appeared without counsel, what the punishment would be. There would, therefore, be no justification to require a court to so inform the appellant here who was represented by counsel.

In *People* v. *Thomas*, 45 Cal.2d 433, 434 [290 P.2d 491], the defendant claimed that his trial was fatally defective because his counsel had failed to inform him that in chambers the court had informed his attorney it was inclined to impose the death penalty, whether the plea was guilty or not, his plea was not understandingly entered. The court rejected this argument, as it had rejected a similar one in *In re Hough*, 24 Cal.2d 522 [150 P.2d 448]. In *People* v. *Mendez*, 27 Cal.2d 20 at page 22 [161 P.2d 929], our Supreme Court said: "There is no statutory requirement in this state that any special admonition be given by the court when accepting a plea of guilty."

It also does not appear that the appellant was unaware of what punishment he might receive as a result of his plea. The record indicates that the appellant had been before the courts of this state at least three other times for criminal offenses. The experience of the defendant is a proper factor to be considered. (*People* v. *Rose*, 42 Cal.App. 540 [183 P. 874].) By his prior experience in court he had undoubtedly gained a knowledge of his rights. (*People* v. *Chessman*, 38 Cal.2d 166 [238 P.2d 1001]; *People* v. *Mimms*, 110 Cal.App.2d 310 [242 P.2d 331]; *People* v. *O'Neill*, 78 Cal.App.2d 888 [179 P.2d 10].)

It should also be noted that the appellant at the trial did not make a motion to withdraw his plea of guilty and enter a plea of not guilty, pursuant to Penal Code, section 1018. (*People* v. *Lumbley*, 8 Cal.2d 752 [68 P.2d 354].) Furthermore, if the appellant pleaded guilty in the hope of receiving milder punishment, it would not have been sufficient ground for the exercise of the court's discretion to permit withdrawal of the plea. (*People* v. *Gottlieb*, 25 Cal.App.2d 411 [77 P.2d 489].) Nor would it, therefore, be sufficient reason to here impose on a trial court the duty of making the explanations requested by the appellant.

The record also does not show any matter which could be deemed a prejudicial error that resulted in a miscarriage of justice under article VI, section 4½ of the state Constitution.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.