437 P.2d 975

Raymond Frank BARRON, and Preston Eugene Masters, Appellants,

v.

The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellees.

No. 2 CA–CIV 493.

Court of Appeals of Arizona.

March 5, 1968.

Rehearing Denied April 3, 1968.

Raymond Frank Barron and Preston Eugene Masters, in pro. per.

Darrell F. Smith, The Atty. Gen., James S. Tegart, Asst. Atty. Gen., for appellees.

MOLLOY, Judge.

The appellants filed a joint petition for a writ of habeas corpus in Pinal County Superior Court. The State responded and alleged that the petitioners had raised no issues for which habeas corpus was the proper remedy, it being limited to test the jurisdiction of the trial court. The lower court denied the petition without a hearing and this appeal followed.

The gravamen of appellants' petition is denial of "effective assistance of counsel." The appellants and two others were jointly charged with robbery. One attorney was appointed to represent all four defendants and the representation continued throughout all the proceedings in the case, including their joint trial.[1] No appeal from the convictions and sentences was taken within the time prescribed by law. Masters, however, subsequently filed a motion for delayed appeal in the Supreme Court which was denied. An affidavit of defense counsel filed in that court stated counsel had discussed the matter of appeal with both ap-

---

1. All four defendants were convicted of the charged offense. Appellants were sentenced to lengthy terms of imprison- ment while the other two defendants were given three-year suspended sentences.

pellants individually, had informed them of his opinion as to lack of reversible error in the record and had told Masters that, although he would not prosecute an appeal, he would be willing to perfect it for him and that counsel would be appointed.

We agree with appellants' contention that deprivation of the right to counsel may be asserted in habeas corpus proceedings. See, e. g., Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); and Application of Billie, Ariz., 436 P.2d 130 (1968). However, as this court has previously indicated, only an "extreme case" will justify relief on the ground of lack of effective assistance of counsel. State v. Lopez, 3 Ariz.App. 200, 412 P.2d 882 (1966).

The appellants predicated their claim of denial of their constitutional right to assistance of counsel on (1) counsel's alleged failure to move for a severance; (2) counsel's failure to object to the admission of certain exhibits into evidence; (3) counsel's failure to present any theory of defense or matters in mitigation; (4) counsel's attempt to "prosecute" appellants by placing responsibility for the offense on appellants to the benefit of their codefendants; (5) counsel's failure to perfect an appeal, and (6) an alleged conflict of interests.

We find no error in the lower court's denial of relief since the appellants have set forth no facts, see Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91 (1967), which indicate the attorney's services were so substandard as to render his representation a farce or a sham. State v. Kruchten, 101 Ariz. 186, 197, 417 P.2d 510 (1966), and cases cited therein. When counsel's competence is challenged because of matters of counsel's "judgment" or "trial strategy" or the "quality of a defense," invalidation of a conviction is not warranted. Lyons v. United States, 325 F.2d 370 (9th Cir. 1963); McDonald v. United States, 282 F.2d 737 (9th Cir. 1960); United States ex rel. Feeley v. Ragen, 166 F.2d 976 (7th Cir. 1948).

While counsel's failure to investigate available defenses, which results in withdrawing a crucial defense from the case, has been held to be a deprivation of assistance of counsel, People v. Mattson, 51 Cal.2d 777, 336 P.2d 937 (1959), the appellants did not indicate in their petition any dereliction in this regard. They merely alleged that no defense was presented rather than setting forth any facts which would indicate an available crucial defense ignored by counsel.

Their claim that counsel wrongfully failed to perfect an appeal was refuted by the affidavit of counsel which we have previously mentioned. (A copy of this affidavit was appended to the appellants' petion as an exhibit.) The petition filed contains no contrary factual assertions.

The appellants make much ado about the fact of the multiple representation by defense counsel. Our Supreme Court has stated:

"* * * we have reached the conclusion that an attorney may, in good faith, represent co-defendants until such time as a conflict arises or can reasonably be foreseen." State v. Kruchten, 101 Ariz. 186, at 199, 417 P.2d 510, at 523.

The appellants did not indicate in their petition the existence of any conflict or potential conflict which would impose a duty upon defense counsel to suggest that independent legal representation be afforded to appellants. The appellants cannot complain of denial of assistance of counsel where no showing of conflict has been made. Cf. State v. Carpenter, 1 Ariz. App. 522, 405 P.2d 460 (1965). The mere fact that the same attorney represented all the defendants does not ipso facto warrant habeas corpus relief. McMahan v. Warden of Maryland House of Correction, 215 Md. 600, 137 A.2d 177 (1957); Commonwealth ex rel. Bronzell v. Myers, 205 Pa.Super. 375, 208 A.2d 871 (1965).

Order affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.