508 P.2d 337

**STATE of Arizona, Appellee,**

v.

**Raymond Earl PIETSCH, Appellant.**

**No. 2436.**

Supreme Court of Arizona,
In Banc.

April 12, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, James P. F. Egbert, Third Year Law Student, University of Ariz., Tucson, for appellee.

Barber, Haralson, Giles & Moore, by Robert O. Barber, Jr., Tucson, for appellant.

HOLOHAN, Justice.

On March 4, 1971, appellant, Raymond Earl Pietsch, entered a plea of guilty to a charge of armed robbery. Imposition of sentence was suspended on March 24, 1971 and appellant was placed on probation with one of the conditions being that he serve one year in the county jail. During his confinement the appellant was accused of smuggling hacksaw blades into the jail which he obtained while working as a trustee and passed to other prisoners for their use in an unsuccessful attempt to escape from the county jail. A criminal complaint was filed against the defendant, but immediately before a preliminary hearing was to be held the complaint was dismissed. Thereafter, a hearing for the revocation of probation was ordered. This hearing resulted in probation being revoked and appellant being sentenced to a prison term of 5 to 6 years.

This appeal is brought raising 3 questions: (1) was there sufficient evidence to sustain the trial court's finding that a condition of probation had been violated? (2) was the appellant subjected to double

jeopardy in his revocation hearing after a criminal charge on the same subject matter had been dismissed? (3) was appellant deprived of the effective assistance of counsel?

## SUFFICIENT EVIDENCE

The petition for revocation of appellant's probation accused him of smuggling contraband into the Pima County Jail. The contraband consisted of hacksaw blades which had been used by prisoners in the county jail in an attempted escape from the jail.

In order for probation to be revoked, A.R.S. § 13–1657, subsec. B provides, in part, that the court must have "reason to believe" that the defendant is engaged in criminal practices. The "reasonable belief" required by the statute is established by a preponderance of the evidence presented.

At the revocation hearing the testimony of two fellow trustees was presented. They testified that the appellant had taken part in the smuggling of the hacksaw blades into the Pima County Jail. Other evidence was introduced which established that an escape attempt had been made using hacksaw blades to cut certain cell bars in the jail. The evidence submitted was sufficient to support the finding of the trial court that the terms of appellant's probation had been violated.

## DOUBLE JEOPARDY

Appellant states that the county attorney recognized that the case was insufficient to support a criminal conviction, so the preliminary hearing was dismissed by the prosecution. Subsequently a probation revocation hearing was ordered by the superior court. It is argued that the special facts of this case dictate that it be recognized that, as a practical matter, this procedure required the appellant to answer twice for the same offense. Clearly this argument is without merit. A preliminary hearing is not a proceeding at which jeopardy attaches. Skinner v. Superior Court, 106 Ariz. 287, 475 P.2d 271 (1970). In any event, the preliminary hearing in this case was not even held, so it cannot be said that appellant has twice been put in jeopardy for the same offense. Also, it should be noted that the punishment flowing as a result of probation being revoked is not punishment for the probationary breach, but is instead punishment on the original charge, State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968); so it is apparent that double jeopardy is not involved here.

## EFFECTIVE ASSISTANCE OF COUNSEL

Appellant's sole allegation in support of his argument that he was denied the effective assistance of counsel is that his trial attorney did not call as witnesses two persons allegedly involved in the smuggling of the hacksaw blades. Questions concerning an attorney's judgment in regard to trial tactics will not support a finding that counsel's representation was inadequate. State v. Streett, 11 Ariz.App. 211, 463 P.2d 106 (1969); Barron v. State, 7 Ariz.App. 223, 437 P.2d 975 (1968). Clearly, the record in this case does not support a finding that the revocation hearing was a farce or mockery of justice, so we find appellant was not deprived of the effective assistance of counsel. State v. Brown, 107 Ariz. 375, 489 P.2d 12 (1971).

The judgment of the trial court is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.