693 P.2d 377

STATE of Arizona, Respondent,

v.

Charles SUTTON, Petitioner.

Nos. 1 CA–CR 6620–PR, 1 CA–CR 7365–PR.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 11, 1984.

Tom Collins, Maricopa County Atty. by J. Daniel Hicks, Deputy County Atty., Phoenix, for respondent.

H. Allen Gerhardt, Jr., Mesa, for petitioner.

Charles Sutton, in pro. per.

## OPINION

JACOBSON, Chief Judge.

Petitioner, Charles Sutton, originally entered a plea to aggravated assault on July 29, 1981, pursuant to a plea agreement reached with the prosecutor. He was sentenced to an agreed upon maximum term of ten years, with the state agreeing not to allege any prior felony convictions. No direct appeal was taken from the judgment and sentence entered on this plea of guilty. In the Petition for Post-Conviction Relief, petitioner alleged two grounds for relief:

(1) That his plea was involuntary because it was entered after erroneous information from his defense counsel regarding the maximum sentence he would face if he went to trial on the charges; and

(2) That defense counsel had failed to advise him regarding the marital privilege which could have kept his wife from testifying as a witness against him.

After defendant's petition was denied without hearing, a special action to the Arizona Supreme Court resulted in an order vacating all of the prior proceedings in the superior court and a remand for appointment of new counsel and further proceedings. New counsel was appointed and he filed a supplemental petition arguing that petitioner was denied effective assistance of counsel because he was incorrectly informed regarding the maximum sentence he could receive if convicted of the charges then pending against him.

In the minute entry summarily denying relief, the trial judge found that a review of the plea proceedings showed that petitioner understood his rights and the consequences of his plea and that it was not coerced or affected by anything not in the plea agreement. Petitioner's motion for rehearing was denied.

Because the only issue raised in the motion for rehearing was the alleged ineffective assistance of counsel, based on the erroneous information provided by his trial attorney, we will address only that issue.

*State v. Thompson,* 139 Ariz. 552, 679 P.2d 575 (App.1984).

## INCORRECT ADVICE BY COUNSEL

The defendant argues that his trial attorney advised him that he could receive as much as a thirty-five year sentence of imprisonment upon conviction with the three prior felonies which were then alleged against him. In a letter attached to his petition the attorney stated:

> If you are found guilty at trial of the charges against you, you face a minimum sentence of 21 years, a presumed sentence of 28 years and a maximum sentence of 35 years. I remind you that Judge Grounds is a very strict judge for sentencing.

The defendant argues that this mistaken advice coerced him into accepting the plea agreement, because the plea agreement promised him a maximum imprisonment of ten years. He also argues that his trial counsel either knowingly or by incompetence violated his right to effective assistance of counsel.

■■■ Initially, we note that the petition was summarily denied. It is settled that a claim of ineffective assistance of counsel in a motion for post-conviction relief must be offered an evidentiary hearing if the claim is "colorable." *State v. Suarez,* 23 Ariz. App. 45, 530 P.2d 402 (1975). To constitute a "colorable claim," so as to require an evidentiary hearing, the claim must have the appearance of validity.

■■■ It is clear that a defendant may attack the effectiveness of counsel's assistance in connection with the entry of his plea. *Trevino v. State,* 18 Ariz.App. 515, 517, 503 P.2d 991, 993 (1972). The issue, then, is whether this defendant's claim that trial counsel misinformed him as to the maximum sentence he faced if convicted, thereby inducing him to enter a plea of guilty, stated a "colorable claim." As noted by the court in *State v. Kruchten,* 101 Ariz. 186, 198, 417 P.2d 510, 522 (1966), *cert. denied,* 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967):

To sustain a charge of indirect compulsion sufficient to reverse these convictions, we are of the view that the representation by [counsel] must have contained some element of fact or nondisclosure of fact which would tend to mislead appellants thereby inducing them to enter pleas of guilty.

■■■ The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *State v. Freda,* 121 Ariz. 430, 433, 590 P.2d 1376, 1379 (1979). The same point has been enunciated by the seventh circuit in *United States ex rel. Healey v. Cannon,* 553 F.2d 1052 (7th Cir.1977) *cert. denied* 434 U.S. 874, 98 S.Ct. 221, 54 L.Ed.2d 153 (1977), wherein that court observed:

> Because a plea of guilty absolutely waives the constitutional protections which insulate the accused and stands as a grave admission that the accused has transgressed the law, it accords with due process only if voluntarily and intelligently given. *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). An intelligent plea is the culmination of a rational decision-making process, in which the accused assesses the numerous factors which bear upon his choice of whether to formally admit his guilt or to put the State to its proof. The pleas must represent the informed, self-determined choice of the defendant among practicable alternatives. *Van Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *DeMeerleer v. Michigan,* 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. 584 (1947). The *Brady* trilogy holds that a plea is deemed an intelligent determination of the defendant if it is given with the assistance of competent counsel. A defendant is not exempt from making the decision of whether to plead guilty merely because the choice is a difficult one; but a guilty plea cannot be a conscious, informed choice if the accused relies upon counsel

who performs ineffectively in advising him regarding the consequences of entering a guilty plea and of feasible options. *Hammond v. United States*, 528 F.2d 15 (4th Cir.1975); *Colson v. Smith*, 438 F.2d 1075 (5th Cir.1971). [Footnote omitted.] *Id.* at 1056.

The court in *Cannon* cited with apparent approval the decision in *Hammond v. United States*, 528 F.2d 15 (4th Cir.1975). That case and *Cooks v. United States*, 461 F.2d 530 (5th Cir.1972), present factual and legal issues similar to those raised in this case. In both *Cooks* and *Hammond* a defendant claimed that his attorney's erroneous advice, relating to the maximum sentence he faced if he elected to go to trial on the charges, induced him to enter a guilty plea and that the plea was, therefore, involuntary. The court in *Hammond* stated:

> The alleged misadvice of counsel in the instant case was so gross that we think *Cooks* should be followed. Hammond was told that if he went to trial and was convicted, he could be sentenced to at least 35 and perhaps 40 more years than the law would allow. This may well have induced a guilty plea that would not have been forthcoming if Hammond had been correctly told that his plea would reduce his exposure to a maximum sentence by only 30 years rather than by 60 or 65 years. This is not to say, of course, that every item of misinformation which counsel may impart vitiates the voluntariness of a plea. Each case must depend largely on its own facts. A mistake of a few years in advice about the length of what would otherwise be a long term would not constitute ineffectiveness of counsel. But for a relatively young defendant, we can only conclude that erroneous advice that he could be sentenced to 90 or 95 years if he went to trial and was found guilty on all of the charges against him, when in fact the maximum sentence was 55 years and therefore his plea of guilty might save him 30 years and not 60 or 65 years as he was told, constitutes ineffectiveness of counsel.
>
> If counsel was ineffective, it follows that Hammond's pleas were involuntary.

> The *Brady* trilogy (*Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); and *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970)) makes it perfectly plain that the *sine qua non* to a voluntary plea of guilty is the assistance of counsel "within the range of competence required of attorneys representing defendants in criminal cases." *Parker*, 397 U.S. at 797–98, 90 S.Ct. at 1462.

528 F.2d at 18.

■ We note that the court in *Hammond* cautioned that each case must depend largely on its own facts and that a mistake of a few years in advice about the length of what would otherwise be a long term would not constitute ineffectiveness of counsel. Furthermore, those cases make it clear that the defendant must have relied on the patently erroneous advice of counsel which induced him to enter a plea.

■ In this case we note that the defendant was originally charged with a class 3 felony and that the prosecutor alleged three prior convictions. Under A.R.S. § 13–604(D), the sentencing range for appellant was ten to twenty years, with a presumptive sentence of 11.25 years. Applying the above guidelines to the claim set out in this petition, we hold that the defendant has alleged facts, including the letter from his attorney, sufficient to set forth a "colorable claim" of ineffective assistance of counsel. In order to prevail on this claim, the defendant will have to carry his burden at a hearing on the issue.

Review granted; remanded for a hearing in accordance with this decision.

EUBANK, P.J., and OGG, J., concur.