494 P.2d 1342

**In the Matter of ANONYMOUS, Juvenile No. 22150–I, a person under the age of eighteen years, Appellant.**

**No. 2 CA–CIV 1107.**

Court of Appeals of Arizona, Division 2.

March 22, 1972.

Review Denied May 2, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry Schmidt, former Asst. Atty. Gen. and Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender by Richard Oseran, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

This appeal seeks review of a juvenile court order revoking probation. The appellant minor had been adjudicated a delinquent child after a referee's finding that allegations of theft and joy riding were true. The referee recommended commitment to the State Department of Corrections, but the juvenile court judge, on appeal, placed the minor on probation. One of the conditions of probation was that the minor be a law-abiding citizen.

Approximately six months later, a petition to revoke probation was filed alleging that the minor had failed to comply with his probation in that he had entered the dwelling house of another during the nighttime with intent to commit petty theft, in violation of the law. A revocation of probation hearing was conducted at which the minor was represented by counsel. The victim of the alleged burglary testified and was cross-examined by the minor's counsel. The substance of his testimony was that he returned home on the night in question and found some of ·his phonograph records missing. The following day, his external examination of. the

premises revealed a broken trail of footprints leading "more or less" to the minor's house. He went to the minor's house and when he arrived there heard a record which sounded like one belonging to him. He knocked on the door and asked the minor's mother if he could see the record that was being played. She brought it out to him and he saw that it had his initials on the label. He went looking for the minor and found him down the street. The minor admitted having the records and they returned to the minor's home. There were approximately 150 records and the minor assisted the owner in carrying them home. The witness testified that he had never given the minor permission to enter his house or take his records.

The minor's explanation of his possession of the records is as follows:

\*    \*    \*    \*    \*    \*

"A. That night I went to the Copa about nine o'clock, so I left there about ten, so I was coming back and I passed his house, so I was on my street, you know, and I met Larry and—

Q. Who—would his house be on the way to the Copa?

A. His house is the same, like same street as mine."

After identifying "Larry", he further testified:

"A. And I saw him, so I went up to him and he goes, 'Want to hold on to these records for me?' I thought—

Q. You thought the one hundred fifty records were his?

A. Yes, because he has a lot of records too.

\*    \*    \*    \*    \*    \*

Q. And you took the records to your house?

A. Yes."

At the conclusion of the hearing, the court concluded that the juvenile had violated the terms of his probation agreement, i. e., the condition that he obey all laws, ordinances, and regulations of the city, county and federal government.

The thrust of appellant's argument on appeal is that the proof was insufficient to establish beyond a reasonable doubt that he had committed a burglary as alleged in the petition to revoke probation. Appellant, however, mistakenly analogizes the quantum of proof required for conviction of an offense to the quantum of proof required to justify revocation of probation. The court has discretion to revoke and terminate probation if it has reason to believe that the probationer is violating the conditions of his probation or engaging in criminal practices. A.R.S. § 13–1657, as amended. The discretion required of the court in determining whether to revoke probation is a judicial one, the exercise of which implies conscientious judgment rather than arbitrary action. All that is necessary is that the evidence and facts be such as to reasonably satisfy the court that the probationer is violating the terms of his probation or engaging in criminal practices and proof sufficient to support a criminal conviction is not required to support a discretionary order revoking probation. State v. Washington, 5 Ariz.App. 400, 427 P.2d 381 (1967); State v. Shannon, 60 Wash.2d 883, 376 P.2d 646 (1962); Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566 (1961); Marshall v. Commonwealth, 202 Va. 217, 116 S.E.2d 270 (1960); State v. Elder, 77 S.D. 540, 95 N.W.2d 592 (1959).

Appellant argues that Rule 17, Rules of Procedure for the Juvenile Court, 17 A.R.S., mandates a contrary conclusion:

"(a) The burdens of proof in juvenile proceedings, other than transfer hearings, shall be:

(1) Beyond a reasonable doubt, as to a delinquency matter involving criminal offenses and incorrigibility; and

(2) By preponderence [sic] of the evidence, as to all other types of actions."

We do not agree with appellant's construction of this rule. As we read it, the rule requires proof beyond a reasonable doubt that a juvenile committed an offense to

sustain an adjudication of delinquency. Here, appellant has been adjudicated a delinquent child and the rule does not come into play.

Since there was evidence tending to connect the minor with the alleged burglary, we find no abuse of discretion in revoking his probation.

Affirmed.[1]

HATHAWAY and HOWARD, JJ., concur.

1. Rule 27(b), Rules of Procedure for the Juvenile Court, promulgated December 31, 1971 and effective February 1, 1972, vests this court with discretion as to publication of this opinion. Since we believe the decision is of sufficient importance for future juvenile court proceedings, we consider publication to be appropriate.