509 P.2d 649

**In the Matter of the Appeal in MARICOPA COUNTY JUVENILE ACTION NO. J–66470.**

**No. I CA–CIV 2170.**

Court of Appeals of Arizona, Division 1, Department A.

May 1, 1973.

Review Denied May 29, 1973.

Moise E. Berger, Maricopa County Atty. by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Gary Peter Klahr, Sp. Counsel, Arizona Civil Liberties Union, Phoenix, for amicus curiae.

OGG, Judge.

A juvenile petition was filed in this action alleging that the subject juvenile had violated the terms of his probation by committing a burglary. The court held an extensive hearing and after taking the case under advisement made the following decisions and findings by minute entry:

"THE COURT FINDS that the State has failed to prove the allegations of the Petition *beyond a reasonable doubt.*

THE COURT FURTHER FINDS, however, that this proceeding was properly conducted as a violation of probation hearing; and the Court finds that the evidence and facts are such as to *reasonably satisfy* the Court that the child is violating the terms of his probation by engaging in criminal practices; therefore.

THE COURT FINDS AND ADJUDICATES [name omitted] to be in violation of the terms and conditions of his probation, and therefore, delinquent." (Emphasis added).

The juvenile was thereafter committed to the State Department of Corrections for suitable institutional placement.

The appellant has submitted five separate grounds for appeal. We believe the case turns on the single issue of what constitutes proper burden of proof in a juvenile revocation of probation hearing.

The juvenile court, after a well-conducted hearing, found the state had failed to prove the allegations of the petition beyond a reasonable doubt; nevertheless, the court found the evidence sufficient to reasonably satisfy the court that the child was violating the terms of his probation.

■■■ We believe that the minimum standard for the burden of proof in such a hearing is by a *preponderance of the evidence* and that the standard of "reasonably satisfied" as applied in this case was error.

Rule 17, Rules of Procedure for the Juvenile Court, Volume 17, ARS Supplement reads as follows:

"Rule 17. *Burden Of Proof*

(a) The burdens of proof in juvenile proceedings, other than transfer hearings, shall be:

(1) Beyond a reasonable doubt, as to a delinquency matter involving criminal offenses and incorrigibility; and

(2) By preponderance of the evidence, as to all other types of actions."

There is some dispute in this case as to whether this was a delinquency hearing or a revocation of probation hearing. It would appear that regardless of the title applied there is no provision setting forth "reasonably satisfied" as the quantum of proof.

The only Arizona case dealing directly with this problem is In re Anonymous, 16 Ariz.App. 597, 494 P.2d 1342 (1972). In this case Division II, Court of Appeals, held that juvenile probation hearings do not require proof beyond a reasonable

doubt. The appellate court did not discuss the provisions of Juvenile Rule 17(a)(2), supra.

We believe that this particular provision of the rule sets the minimum quantum of proof for such a hearing at a "preponderance of the evidence" and that this burden of proof cannot be equated with "reasonably satisfied."

■■■ The entire field of juvenile and adult revocation hearings is undergoing radical change since the United States Supreme Court ruled that there must be "due process" at a revocation of probation hearing. The old concept that probation was a matter of grace and that the probationer had no rights is no longer valid. Smith v. Cook, 105 Ariz. 390, 465 P.2d 370 (1970); Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

■■■ Although adult and juvenile probation are governed by different statutes, the due process and fair play concepts apply to both as noted in the cases cited above. In the revocation of adult probation, Arizona requires that proof be established by a preponderance of the evidence. State v. Pietsch, 109 Ariz. 259, 508 P.2d 337, (filed April 12, 1973).

It appears that the provisions of Juvenile Rule 17, supra, the principles of constitutional law and basic fairness, dictate that we cannot revoke a child's probation and commit him to a state institution on a lesser standard of proof than would be required at an adult revocation hearing.

The judgment and order of the Juvenile Court are reversed and set aside.

DONOFRIO, P. J., and STEVENS, J., concur.