520 P.2d 327

**In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. J–72752.**

**No. I CA–JUV 8.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 26, 1974.

Review Denied April 30, 1974.

Ross P. Lee Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, for appellant.

Moise Berger, Maricopa County Atty. by C. O. Lamp, Deputy County Atty., for appellee.

OPINION

STEVENS, Judge.

The juvenile was placed on probation. A subsequent hearing was held and he was found to have violated the terms of his probation by reason of later acts. He was committed to the State Department of Corrections. The commitment was suspended and he was continued on probation. He has brought this appeal.

During the year 1972 a series of Juvenile Court petitions were filed relative to this youth. The first one related to the possession of a stolen motorcycle. The juvenile admitted the offense and was found to be a delinquent child. Apparently the scheduled disposition hearing was not held. He later admitted two drug counts and was again found to be a delinquent. Some other counts were dismissed. Before

the disposition hearing was held there was another petition charging possession of spirituous liquor. This was admitted. As a result of the petition charging the possession of liquor, the Juvenile Court referee ordered:

"IT IS MY RECOMMENDATION that [the minor] be made a Ward of the Court, placed on probation under the protective supervision of the Juvenile Probation Officer in the care, custody and control of his mother * * * under the standard terms of probation as set forth on Exhibit A, a copy of which is attached hereto and made a part hereof."

There was no appeal and the foregoing was approved by one of Maricopa County's Juvenile Court Judges. Again the disposition hearing relative to the two admitted drug counts appears to have been lost in the shuffle.

A fifth petition also alleged the possession of a stolen motorcycle and leads to the present appeal. This petition alleged that such possession was "in violation of the terms and conditions of his probation and [that the juvenile] is therefore a delinquent."

The Public Defender was appointed to represent the juvenile and the petition was set for "an adjudication and/or revocation hearing." The hearing was held by The Honorable Robert C. Broomfield, a Juvenile Court Judge, and there is a reporter's transcript of the hearing. We quote a portion of Judge Broomfield's 30 March 1937 minute entry order, omitting the names of persons specified therein.

" * * * The Court finds that the allegations contained in the petition are true and by reason thereof finds that [the minor] is in violation of the terms and conditions of his probation.

"The assigned officer has recommended commit-suspend status and this is discussed with all.

"IT IS ORDERED committing [the minor] to the State Department of Correc-

tions for suitable institutional placement for the term of his minority unless sooner released pursuant to law.

"IT IS FURTHER ORDERED suspending the commitment and continuing [the minor] as a ward of the Court on probation in the care, custody and control of his mother * * * under the protective supervision of an officer of the Juvenile Center under the standard terms of probation attached hereto as Exhibit A."

It is from this order that the present appeal was taken.

Our Supreme Court has adopted Rules of Procedure for the Juvenile Court, herein referred to as Juvenile Rules. These are found in Vol. 17A of the Arizona Revised Statutes. The applicable portion of Juvenile Rule 25(b) is as follows:

"(b) An appeal may be taken only by filing with the Clerk of the Superior Court a written notice of appeal which specifies the party taking the appeal and designates the particular matter appealed from, together with a concise statement of the grounds for the appeal supported by a memorandum of authorities. * * *."

To outline the issues urged in this appeal we quote from the notice of appeal as follows:

"1. That there is no evidence to support the charge of receiving stolen property in that there is no evidence that juvenile knew the motorcycle was stolen.

"2. That the court did not apply the standard of reasonable doubt as required by Juvenile Rule and In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

"3. That the court has no jurisdiction to commit a child to the State Department of Corrections on the basis of a previous adjudication of delinquency in which disposition of the child has already been made.

"4. That the statute makes no provision for probation in the juvenile court and that a change in the status of juvenile

may be made only by a showing of a delinquent act beyond a reasonable doubt.

"5. That juvenile was not afforded proper notice of the nature of the charge or the standard of proof to be met when he was charged with both violation of probation and receiving stolen property."

We will discuss these contentions, but not necessarily in the sequence set forth in the motion.

## PROBATION

It is urged here, as it has been urged before us before, that there are no statutory provisions for probation of a juvenile delinquent. We do not agree. In subsections (a), (b), (c) and (d) of A.R.S. § 8–241(A)(2) the Legislature speaks of "a probation department" and "subject to the supervision of a probation department." The history of the use of probation in Juvenile Court matters is well established in Arizona. If there was an absence of a probation system each child found to be "a delinquent or incorrigible child" [A.R.S. § 8–241(A)(2)] would have to be released with no corrective supervision or confined to an institution for juveniles. In Smith v. Cook, 105 Ariz. 390, 465 P.2d 370 (1970), our Supreme Court recognizes Juvenile Court probation and the revocation thereof. The Court of Appeals has made similar recognition in Juvenile No. J–66470, 19 Ariz.App. 577, 509 P.2d 649 (1973), and in In Re Anonymous, 16 Ariz.App. 597, 494 P.2d 1342 (1972). The Juvenile Rules expressly recognize the fact of probation. See Rules 8(b) and 10. We again hold that the laws of Arizona recognize a probation in Juvenile Court cases.

## REVOCATION OF PROBATION

It is urged that to empower a Juvenile Court to revoke probation, proof must be beyond a reasonable doubt. That contention was answered in JUVENILE NO. J–66470, supra, wherein we held that that proof must meet the standard of the preponderance of the evidence.

## PRIOR DISPOSITION

It is urged that there was "previous adjudication of delinquency in which the disposition of the child has already been made" which cannot be the basis for a commitment to the Department of Corrections. The so-called prior "disposition" was the placing of the juvenile on probation and does not preclude a revocation of that probation.

## QUANTUM OF PROOF

We have already stated that the test of proof for revocation of probation is the preponderance of the evidence. It is interesting to note that while Juvenile Rule 17 sets forth guidelines for quantum of proof, there is no requirement that the Juvenile Court expressly recite either "beyond a reasonable doubt" or "by a preponderance of the evidence", as the case may be. Juvenile Rule 7(a) specifies that the order shall recite:

"(a) That the facts alleged in the petition are true and the child is delinquent;"

In JUVENILE NO. J–66470, supra, the Juvenile Court undertook to recite the quantum of proof the court relied upon which was less than the required preponderance of the evidence.

## THE EVIDENCE

From our review of the reporter's transcript and applying the rule which allows circumstantial evidence in the proof of knowledge that the goods were stolen [State v. Butler, 9 Ariz.App. 162, 450 P.2d 128 (1969)], we have no hesitancy in finding adequate evidence to sustain the order which is the subject of this appeal.

## NOTICE

The notice to the juvenile of the matters to be heard and the obvious preparation and participation by his counsel convince us that due process was afforded the juvenile before the hearing in question.

Our review of the record convinces us that this matter should be and it is,

Affirmed.

DONOFRIO, P. J. Department A, and OGG, J., concur.