524 P.2d 1310

In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. J–72918–S.

No. 11609–PR.

Supreme Court of Arizona,
In Banc.
July 17, 1974.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Moise E. Berger, Maricopa Co. Atty. by C. O. Lamp, Deputy Co. Atty., Phoenix, for appellee.

HOLOHAN, Justice.

This action involves an appeal from an order of the Juvenile Court of Maricopa County revoking the probation of the appellant juvenile and committing him to the custody of the Department of Corrections. The Court of Appeals affirmed the decision of the Juvenile Court. 22 Ariz.App.

33, 523 P.2d 84 (1974). We accepted review of the case because of a conflict within the divisions and departments of the Court of Appeals on the question of the burden of proof to be applied in juvenile court on a revocation of probation matter.

The juvenile had first been adjudicated a delinquent in March 1972, and he was placed on probation in the custody of his parents but under the supervision of the Maricopa County Juvenile Probation Department. The terms and conditions of probation were set forth in writing for the juvenile; one of the terms being "that you not violate any criminal laws or laws governing the conduct of children under the age of 18." On two occasions subsequent to March 1972 the juvenile was brought before the Juvenile Court for delinquent acts, all arising out of his continued habit of self-abuse by paint sniffing. On each occasion the juvenile was continued on probation by order of the juvenile court. In October 1973 a petition was filed against the juvenile which alleged that he had violated the terms and conditions of his probation by possessing the motor vehicle of another, knowing or having reason to know or believe that the vehicle had been stolen. A.R.S. § 28-1423. Counsel was appointed for the juvenile and hearing was had on November 28, 1973 before the presiding judge of the juvenile court, who after hearing the evidence found the juvenile to be in violation of the terms and conditions of his probation and committed him to the custody of the Department of Corrections for placement.

Counsel for the juvenile filed a timely appeal and raised two issues: "(1) The court did not find delinquency beyond a reasonable doubt. (2) There is no evidence to support a finding of possession of a stolen motor vehicle knowing it to be stolen." The Court of Appeals found that there was sufficient evidence to support the finding of the juvenile court that the juvenile possessed a stolen motor vehicle knowing or having reason to know that it had been stolen, but a majority of the Court held that the burden of proof in a revocation of probation case was beyond a reasonable doubt.

Division Two of the Court of Appeals in the case of In Re Anonymous, 16 Ariz. App. 597, 494 P.2d 1342 (1972) and Department A of Division One of the Court of Appeals in the case of In Re Maricopa County Juvenile Action No. J-66470, 19 Ariz.App. 577, 509 P.2d 649 (1973) held that it was not necessary in a revocation of probation matter to prove the allegations beyond a reasonable doubt. *See also* In Re Maricopa County Juvenile Action No. J-72752, 21 Ariz.App. 414, 520 P.2d 327 (1974). Counsel for the juvenile maintains that the decision by the United States Supreme Court in the case of In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) requires that the quantum of proof in juvenile court be "proof beyond a reasonable doubt." We believe that this position is based upon an extension of *Winship* beyond the holding of the United States Supreme Court. As we read *Winship* the holding requires that in order to adjudicate a juvenile a delinquent based upon the commission of acts which would be criminal if committed by an adult the finding must be based upon proof sufficient to establish the commission of the acts beyond a reasonable doubt.

Often the complaint is made that a juvenile is not given the same due process rights as an adult, but the complaint cannot be made in this instance. In State v. Pietsch, 109 Ariz. 261, 508 P.2d 337 (1973) we held that in order to revoke the probation of an adult that the standard of proof was a preponderance of the evidence. The 1973 Rules of Criminal Procedure are in accord and provide that the violation must be established by preponderance of the evidence before the adult's probation may be revoked. Rule 27.7(c)(3), 17 A.R.S. Due process does not require that a higher standard be established for the revocation of the probation of a juvenile.

Nor do we find anything in the Juvenile Code which requires a contrary

holding. The crucial point in the juvenile proceedings is the adjudication of the child as a delinquent. Once a child has been adjudicated a delinquent the juvenile court has broad power to make a proper disposition and in some instances that jurisdiction may continue until age twenty-one. A.R.S. § 8–246. Pursuant to Rule 17 of the Rules of Procedure for the Juvenile Court, 17A A.R.S., the state must establish beyond a reasonable doubt the acts which justify the adjudication by the juvenile court establishing the status of the juvenile as a delinquent. This high standard of proof is required by due process. In Re Winship, *supra.* Once this status has been adjudicated the broad powers of juvenile court come into play to make proper disposition. A.R.S. § 8–241. If a juvenile has been adjudicated a delinquent and placed on probation a violation of those terms does not change the status of the juvenile as a delinquent. This adjudication has already been made and the jurisdiction of the juvenile court established. The consequences of a violation of probation can mean a change in the disposition of the juvenile by the court, but a finding of violation of probation in no way affects the original status of the juvenile as a delinquent. In Re Maricopa County Juvenile Action No. J–72752, *supra.*

Counsel for the juvenile argues that Rule 10 of the Rules of Procedure for Juvenile Court necessarily compel the conclusion that Rule 17(a)(1) is the standard for burden of proof in a revocation of probation case.

Rule 10 provides:

"Proceedings for revocation of probation shall be initiated and processed under the general rules as hereinabove provided for in delinquency actions."

Rule 17 provides:

"(a) The burdens of proof in juvenile proceedings, other than transfer hearings, shall be:

"(1) Beyond a reasonable doubt, as to a delinquency matter involving criminal offenses and incorrigibility; and

"(2) By preponderance of the evidence, as to all other types of actions."

The provisions of Rule 10 apply to the form and contents of the petition, its service, and the procedure at the hearing. The rule has no relevancy to the issue of burden of proof. That subject is covered under the general provisions applicable to all juvenile matters. We agree with the holdings of In Re Anonymous, *supra,* and In Re Maricopa County Juvenile Action No. J–66470, *supra,* which construed Rule 17 to require that in a revocation of probation matter the burden of proof is by preponderance of the evidence.

Even as the grounds for revocation of an adult's probation may include acts which constitute a criminal offense. this is not the deciding factor in determining the nature of the hearing. An adult accused of violating the terms of his probation by having committed a criminal offense is subject to the process of a revocation hearing rather than a full-blown criminal trial. Even though probation revocation results in a loss of liberty it is not considered a stage of the criminal prosecution. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In similar fashion the revocation of a juvenile's probation is not a part of the finding of delinquency. This determination must have already been made, and the issue presented to the court is essentially whether there should be a change in the form or course of rehabilitation which had heretofore been ordered. Such a determination, while certainly affecting the liberty of the juvenile, could only occur after an original finding of delinquency which brings into action the attendant consequence of such a status.

In Gagnon v. Scarpelli, *supra,* the United States Supreme Court recognized that there was a more limited due process right for a probationer or parolee as contrasted with an accused in a criminal case because the probationer or parolee had in fact already been convicted of a crime, and this conviction empowered the court to impose the conditions and restraints attending

to such a conviction. In the case of a juvenile the adjudication of the juvenile as a delinquent gives the court the power to impose the conditions of probation, and a violation of those terms is not a hearing as to a "delinquency matter," but it is a different type of action involving the determination whether the court should change the disposition by reason of the juvenile's failure to abide by the conditions of his probation status, and it is covered by Rule 17(a)(2) of the Rules of Procedure for Juvenile Court. The fact that the alleged violation is also a criminal offense or delinquent act does not change the nature of the hearing nor does it affect the fact of the previous adjudication of delinquency. The state is only required to establish by a preponderance of the evidence that the violation of probation occurred as alleged in the petition.

We have reviewed the record of the case, and there is ample evidence to support the finding of the juvenile court that the juvenile knew or had reason to believe that the car which he temporarily possessed was stolen.

The opinion of the Court of Appeals is vacated, and the judgment of the superior court is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.