545 P.2d 74

In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. J–77286.

No. 1 CA–JUV 34.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 3, 1976.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Moise Berger, Maricopa County Atty., by C. O. Lamp, Deputy County Atty., Phoenix, for appellee.

## OPINION

OGG, Judge.

The appellant juvenile was on probation to the Juvenile Court of Maricopa County. A supplemental juvenile petition was filed, charging the juvenile with a violation of one of the specific terms of his probation. After a hearing on the petition the judge revoked the probation and committed the juvenile to the Arizona State Department of Corrections. The juvenile now brings this appeal, alleging three grounds for appeal:

1. That the condition of probation which required the juvenile to attend school unless he had a valid excuse is constitutionally vague and unenforceable.

2. That there was no valid evidence the juvenile violated the terms of his probation.

3. That the state failed to carry the burden of proof in proving the juvenile was absent from school without a valid excuse.

The petition filed alleging a violation of the terms of probation reads:

On or about 11–6–74, 11–7–74, 11–8–74, 11–15–74 did violate the terms and condition of his probation by absenting himself from the 8th grade without valid excuse on the aforesaid dates all in violation of ARS Sec. 8–201(5)(8), as amend. 1972 and ARS Sec. 8–241[A](2)(b), as amend. 1972.

The specific term of probation that is questioned in this case reads:

4. That you attend school unless you are given permission by your parents and your probation officer to seek and hold a steady full time job. When you are attending school, you must be regular in attendance and comply with school regulations.

The juvenile argues that this condition number 4 of his probation was constitutionally vague and unenforceable. He reasons that a term of probation must be plain enough so that the probationer knows what conduct is required of him. The conditions of probation should be definite and clearly set forth. 24 C.J.S. Criminal Law § 1571(8); *Williams v. State*, 523 S.W.2d 953 (Tex.Cr.App.1975); *George v. State*, 99 Ga.App. 892, 109 S.E.2d 883 (1959); *Reese v. State*, 167 Tex.Cr.R. 304, 320 S.W.2d 149 (1959); *Lathrop v. Lathrop*, 50 N.J.Super. 525, 142 A.2d 920 (1958).

We agree with this legal principle and believe that a probationer must be given notice in clear and concise language as to what conduct is expected from him under the terms of his probation.

In our opinion the questioned term of probation is clear and could be easily understood by both the juvenile and his parents. He was to attend school unless he had permission from his parents and his probation officer to miss school while he was seeking work or working at a fulltime employment. When he was attending school he was to be regular in attendance. We do not believe that this term was so vague that it should be declared unconstitutional and unenforceable.

At the hearing on the petition to revoke probation the state presented testimony from the truant officer of the Tempe Elementary School District and testimony from the secretary of Gilliland School. The attendance record of the juvenile at Gilliland School was admitted into evidence. This record indicated that the ju-

venile had been absent from school on the 6th, 7th, 8th, 9th and 20th of November, 1974.[1] The juvenile, who was represented by the deputy public defender, did not testify and no witnesses were called on his behalf. The juvenile now asserts that the state had the duty not only to prove he failed to attend school but also had the further duty to show he was absent without a valid excuse.

We believe the state proved by a preponderance of the evidence that the juvenile violated the terms of his probation by failing to attend school. The burden of proof in such a case is by a preponderance of the evidence. *In Re Maricopa County Juvenile Action No. J–72918–5,* 111 Ariz. 135, 524 P.2d 1310 (1974); *In Re Maricopa County Juvenile Action No. J–66470,* 19 Ariz.App. 577, 509 P.2d 649 (1972).

After the state presented evidence of the juvenile's absence from school the juvenile contends the state had the final duty to prove such absence was without a valid excuse.

We do not believe it was the duty of the state at this stage of the proceedings to present this type of defensive matter. This is not a *Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) situation where the state is attempting to hide or hold back evidence. There is nothing in the record to indicate that the juvenile had any valid excuse for his absences from school nor is there any evidence that the state had knowledge of an excuse of any kind. The juvenile and his parents were present at the hearing, with counsel, and they elected not to present any defensive testimony.

The juvenile should not now be allowed to assert that the state failed to disprove his phantom excuse when such excuse was unknown to the state and was never presented to the court.

In our opinion the state had no duty of proof beyond proving, by a preponderance of the evidence, that the juvenile had violated a specific term of probation. The judgment and disposition of the juvenile judge is hereby affirmed.

DONOFRIO, P. J., and FROEB, J., concur.

---

1. The petition alleges the absences occurred on or about the 6th, 7th, 8th, and 15th of November, 1974. For the purposes of this opinion we do not deem it material that the November 11, 1974 date on the petition was in error or that the November 20, 1974 date was not covered.