In the Interest of C.E.E., a Juvenile, Plaintiff-Appellant,

v.

JUVENILE OFFICER, Defendant-Respondent.

No. WD 38645.

Missouri Court of Appeals, Western District.

April 7, 1987.

Thomas M. Schneider, Columbia, for plaintiff-appellant.

Steven A. Fritz, Sedalia, for defendant-respondent.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

On April 24, 1985, C.E.E., the juvenile-appellant was committed to the custody of the Division of Youth Services; however, execution of the commitment was stayed and the juvenile was placed on probation in custody of his father and eight special conditions were imposed. On June 16, 1986, the deputy juvenile officer filed a motion to modify the previous order alleging the juvenile committed a class B felony of burglary in the first degree and a class A misdemeanor of stealing on June 6, 1986. The deputy juvenile officer sought revocation of the juvenile's probation and an order committing him to the Division of Youth Services.

On June 26, 1986, the court found the evidence of the offenses was clear and convincing and revoked juvenile's probation and remanded him to the custody of the

Division of Youth Services. From this judgment the juvenile appeals.

The facts are as follows: On June 6, 1986, the residence of Winifred Adkins was burglarized. The juvenile and Eddie Pipes were observed walking down the street in front of the Adkins' home, and they were both carrying sticks. At some point they cut across the yard of Mrs. Adkins and four to seven minutes later sounds of breaking glass emanated from the direction of the Adkins home. Four witnesses testified to the above facts but none placed either the juvenile or Pipes in the residence, although witness Hammond testified he saw someone who was not Mrs. Adkins open the front door before the police came. About 8:00 p.m., a neighbor called Mrs. Adkins to tell her about two boys going around her house. She told him to call the police and then she proceeded downstairs. She found the living room light on and drawers from a hutch pulled out. All of her medicine, valued at approximately $114, seven pieces of silverware, a flashlight, a pair of pillow cases and $42 in cash were missing. She found a screen had been torn out and a club on the table.

Officer Jerry Land, a uniformed policeman, testified that when he drove up in his marked patrol car, he saw the juvenile squatting next to a shed south and east of the residence of Mrs. Adkins. When the juvenile saw him, he ran.

Appellant raises three points of error: (1) the insufficiency of facts to establish by clear and convincing evidence that the juvenile was involved; (2) revoking probation based on clear and convincing standard of proof was erroneous because the applicable standard of proof was beyond a reasonable doubt; and (3) the trial court erred in striking the hearsay evidence of the deputy juvenile officer.

■ In support of his Point I, the appellant cites *State v. Irby*, 423 S.W.2d 800 (Mo.1968), but the case speaks to the sufficiency of evidence needed to convict based on a beyond a reasonable doubt standard.

In the instant case the standard is clear and convincing evidence. Rule 117.05 provides:

a. In all hearings upon a petition alleging as a basis for jurisdiction that the juvenile has committed an act or acts which would be a crime if committed by an adult, such act or acts shall be proved beyond a reasonable doubt.

b. In all other hearings the facts alleged shall be proved by clear and convincing evidence.

In the instant case the basis for jurisdiction was continuing due to his being found in need of care, treatment and supervision by the court on April 24, 1985, committed to Division of Youth Services and then placed on probation to his father.

Inasmuch as this hearing is in effect a probation revocation hearing, the standard of proof as set forth in Rule 117.05b applies.

Appellant also cites *State v. Harris*, 602 S.W.2d 840 (Mo.App.1980). In that case the conviction was affirmed. The court did note that mere presence of an accused at a crime scene, even if coupled with an opportunity to commit the crime, will not sustain a *conviction* (emphasis added). *Id.*, at 845. Presence and flight from the scene also will not alone support a finding of guilt. *State v. Castaldi*, 386 S.W.2d 392, 395 (Mo. 1965).

■ The court noted in *State v. Burnley*, 480 S.W.2d 881, 883 (Mo.1972), that presence of an accused at a crime scene was a factor to be considered in determining guilt. Similarly, flight from a crime scene may be a circumstance indicating guilt. *State v. Woolford*, 545 S.W.2d 367, 372 (Mo.App.1976). Participation in a crime may be inferred from the presence of the accused, and from his conduct and companionship before and after the offense. *State v. Harris, supra*, 602 S.W.2d at 845.

The cases cited by appellant do not address the issue but rather attack the sufficiency of the evidence based on the beyond a reasonable doubt standard of proof.

The appellant cites *T.S.I. v. Georgia*, 139 Ga.App. 775, 229 S.E.2d 553 (1976), in support of his Point I and II. In *T.S.I., supra*, the court held that to revoke probation of a

juvenile the proof must be beyond a reasonable doubt. *Id.,* 229 S.E.2d at 554. That standard is not required under our Rule 117.05 b.

To require evidence beyond a reasonable doubt to revoke probation would require a standard for revocation of probation as high as the initial delinquency determination. Rule 117.05 a.

Section 211.181 RSMo 1986, grants authority to the court to suspend execution of its order and to place a juvenile on probation. It also provides that after a hearing the court may revoke probation and execute the suspended order.

The respondent cites, *In re: Maricopa County Juvenile Action, No. J–66470,* 19 Ariz.App. 577, 509 P.2d 649 (1973), as similar to the instant case. The Arizona Rule 17 regarding standard of proof is quite similar to our Rule 117.05. In *Maricopa County, supra,* the juvenile was also charged with a burglary and the court noted the minimum standard of proof was preponderance of the evidence. The Arizona courts rationale was based on the theory that an adult's probation revocation must be based on preponderance of evidence and therefore revocation of a juvenile's probation could not in fairness be based on a lesser standard of proof. *Id.,* 509 P.2d at 650.

By citing *In Re: Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the appellant is confusing the original hearing and the probation revocation hearing. *Winship* requires proof beyond a reasonable doubt to establish the juvenile is guilty of the criminal charge. Hence, *In Re: Winship* deals with requirement of proof at the adjudicatory stage. *Id.,* 90 S.Ct. at 1070. In the instant case the juvenile was not being tried on a criminal charge.

The record established there was sufficient evidence for the trial court's decision. Appellant's Point I and II are denied.

■ Appellant juvenile also alleges the trial court erred in sustaining a motion to strike the testimony of Mr. Wampler, the deputy juvenile officer, as hearsay because (1) it was allowable under the doctrine of curative admissibility and (2) the objection and motion to strike were untimely. The pertinent portion of Wampler's testimony is as follows:

Q. Mr. Wampler, did you have occasion to testify at a detention hearing in this case three days ago?

A. Yes.

Q. And did you, on that occasion, testify that Eddie Pipes had an untreatable drug problem?

A. I testified that that was the way it was described to me over the phone from Doctor Kumar.

Q. Was that a reference to prescription drugs?

A. She didn't specify. She—She indicated she felt the problem he had was untreatable.

MR. FLEMING: Judge, I'm going to ask that—I'm going to object to hearsay and ask that it be stricken. I think, if we're going to be consistent with regard to hearsay, we ought to keep it all out.

THE COURT: Objection sustained. The testimony will be stricken.

The detention hearing referred to in the above testimony was an informal hearing, off the record and without sworn testimony. The subject of the detention hearing was not the juvenile in the case at bar but another juvenile associated with the crime in question.

The question of whether there is prejudicial error in the admission or rejection of evidence is not an issue on appeal when the case is tried before the court without a jury. *City of Town and County v. St. Louis County,* 657 S.W.2d 598, 608 (Mo. banc 1983). "The issue is whether the evidence should have been admitted and considered, or rejected and not considered, and when that issue is determined the next issue is what the judgment of the court should be, based on a consideration of the competent and admissible evidence." *Thau-Nolde, Inc. v. Krause Dental Supply and Gold Co.,* 518 S.W.2d 5, 9 (Mo. 1974).

Mr. Wampler's knowledge as to Eddie Pipes' drug problem was based on the un-

sworn statements of another and is inadmissible as hearsay evidence. *See Locke Distributing Co. v. Hartford Accident and Indemnity Co.*, 407 S.W.2d 658, 670–1 (Mo.App.1966).

Regardless of the timeliness issue, the evidence was incompetent and was properly excluded from the court's consideration of whether there was clear and convincing evidence to support the revocation of the juvenile's probation. Appellant's Point III is denied.

Judgment affirmed.

All concur.