**In the Interest of A.S.B.**

v.

**JUVENILE OFFICER.**

**No. WD 45723.**

Missouri Court of Appeals,
Western District.

Dec. 15, 1992.

Charles E. Atwell, Michael P. Joyce, Wyrsch, Atwell, Mirakian, Lee & Hobbs, P.C., Kansas City, for appellant.

Catherine S. Dorothy, Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

This case presents a sufficiency of the evidence issue regarding the findings of the court that A.S.B., a sixteen year old, committed the offense of rape of a sixteen year old girl, K.M.J. A.S.B. appeals from the adjudication, claiming there was insuf-

ficient evidence to prove the force and consent elements of rape beyond a reasonable doubt.

Judgment is affirmed.

K.M.J. and A.S.B. attended the same high school in Jackson County. They had been school acquaintances since the eighth grade. In September, 1991, both A.S.B. and K.M.J. attended a carnival. K.M.J. attended the event with her best friend, Maureen, and Maureen's younger sister. K.M.J. was wearing jean shorts and an over-sized, short-sleeved polo shirt.

The following factual recitation is based upon the testimony of K.M.J. After arriving at the carnival, K.M.J. and Maureen walked around the carnival and talked with friends. At one point they encountered some girls they recognized from school, but whose names they did not know. Both K.M.J. and Maureen took a couple of sips out of the girls' squirt bottle which contained a wine cooler. Both girls testified that they did not know what the bottle contained until after they had taken several sips.

During the course of the evening, the girls came into contact with A.S.B. who was talking with some of his friends. K.M.J. testified that A.S.B. told her that he was drunk, but that she did not think he appeared drunk. A.S.B., K.M.J. and Maureen decided to go to A.S.B.'s car to get out of the rain. As the three reached A.S.B.'s car, Maureen decided she needed to go find her sister and tell her where she was going to be. Maureen indicated that she would be right back.

A.S.B. helped K.M.J. into his car. A.S.B. started the car and pulled out of the parking lot. K.M.J. testified that she made three attempts to open the door and get out of the car as they exited the parking lot, but closed the door when A.S.B. asked her to. K.M.J. had no idea where they were going, and when she inquired, A.S.B. told her they were going to find Maureen.

A.S.B. drove to a construction site and he stopped the car, a 1980 Mustang "hatchback." He told K.M.J. to get into the back seat, but she declined. A.S.B. then climbed into the back seat through the space be-tween the seats. K.M.J. reached for the door, and at the same moment, A.S.B. grabbed her arm and began pulling her into the back seat through the space between the seats. The driver's seat was pushed forward at this time. While K.M.J. struggled to get away, A.S.B. successfully pulled her into the back seat. K.M.J. was lying on her back while A.S.B. held both of her arms and stationed his knees on top of her legs. A.S.B. then started to undress her, holding her down while K.M.J. struggled to free herself. He unzipped her shorts and pulled them down, while he was holding her hands down. A.S.B. used one hand to hold her hands down, while he pulled her shorts down with the other hand, keeping his knees on her thighs the entire time. He proceeded to do the same with her underwear. K.M.J. testified that she struggled the entire time. A.S.B. then undressed himself while holding K.M.J. down the entire time so she was unable to escape. A.S.B. then reached from the back seat to the glove compartment in the front seat for a condom. K.M.J. said during this time he was still holding her down and she couldn't do anything. A.S.B. put the condom on and began to have sexual intercourse with K.M.J. After A.S.B. had attempted to penetrate her several times, K.M.J. was able to push him off of her. A.S.B. stopped, got out of the car, and both of them got dressed. They drove back to the Fun Fest. K.M.J. got out of A.S.B.'s car and found Maureen. Together, K.M.J. and Maureen went to the police station and told the police that A.S.B. had raped K.M.J.

The petition alleges that A.S.B. committed the offense of kidnapping in violation of § 565.110, RSMo 1986 and the offense of rape in violation of § 566.030, RSMo 1986. The trial court adjudicated the juvenile to have violated both statutes. A.S.B. filed a motion to vacate the judgment or, in the alternative, reopen the case for a new trial. A.S.B.'s motion was granted as to the kidnapping charge but overruled as to the rape charge. A.S.B. appeals from the adjudication of rape.

### Sufficiency of the Evidence

The juvenile's first point on appeal is that the trial court erred in sustaining the

rape adjudication because the evidence was in conflict with the physical facts, surrounding circumstances, common experience, and common sense without sufficient corroboration in violation of the due process clause of the fifth and fourteenth amendments to the United States Constitution and Article 1, Section 10 of the Missouri Constitution.

In determining whether sufficient evidence has been presented to sustain an adjudication in a juvenile proceeding, the trial court's decision must be given the same deference as it would be given in an adult criminal proceeding. *In the Interest of JM*, 812 S.W.2d 925, 934 (Mo.App.1991). This court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the verdict, and ignores all evidence and inferences to the contrary. *State v. Brigman*, 784 S.W.2d 217, 219 (Mo.App.1989). Issues of witness credibility are within the purview of the trial court and the trial court may believe part, all or none of any witness' testimony. *In the Interest of JM*, 812 S.W.2d at 934.

The juvenile was alleged to have violated § 566.030.1 which provides: "A person commits the crime of forcible rape if he has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion." The two elements at issue in this case are force and consent. Evidence bearing on these essential elements was presented by K.M.J.'s testimony that the sexual intercourse was without her consent and perpetrated by the use of force. A.S.B. testified that sexual intercourse occurred, but denied that there was any force or coercion. He testified that K.M.J. was the initiator and aggressor in the activity. Medical evidence was presented showing that K.M.J. had suffered injuries in the nature of vaginal bruising and lacerations from the sexual intercourse. Both doctors who testified at trial regarding the injuries opined that the bruising and lacerations could be consistent with consent or with force, thus their testimony was not sufficiently probative to be helpful to the trier of fact.[1] The trial judge's findings show that he did not consider the doctors' testimony persuasive in his determination.

Generally, the testimony of the alleged victim is sufficient to sustain an adjudication of rape without other corroboration. *State v. Burton*, 355 Mo. 467, 196 S.W.2d 621, 622 (Mo.1946). Corroboration is necessary, however, if the testimony of the the alleged victim is "so contradictory or in conflict with physical facts, surrounding circumstances, and common experience as to be unconvincing." *State v. Burch*, 778 S.W.2d 731, 739 (Mo.App.1989). The testimony must leave "the mind of the court clouded with doubts" in order for corroboration to be necessary. *Id.* Furthermore, the inconsistencies or contradictions must bear upon an element essential to the case to require corroboration. *Id.*

In the instant case, the trial court found that substantial evidence existed to sustain the adjudication. K.M.J. testified that she

1. The juvenile argued that the medical evidence presented could not be used to prove he committed any offense. Medical evidence was presented by two emergency room doctors. K.M.J. was examined by a medical doctor, Dr. Gador, the same night that the incident occurred. The doctor found positive evidence of vaginal bleeding with clusters of ecchymotic areas or areas of bruising found on the left labia minora or the vaginal opening. The exam also uncovered a one-half centimeter long superficial laceration at the nine o'clock position on the hymenal ring. Dr. Gador further testified that K.M.J. had a laceration or tear at the posterior fascia which was the source of the bleeding. Substantial amounts of blood were found on both the defendant's and K.M.J.'s clothes. However, no bruises or lacerations were found on the trunk of the body or the extremities. Another doctor, Dr. Bonness, was presented by the juvenile as a medical expert. Both Dr. Gador and Dr. Bonness testified that the injuries sustained by K.M.J. could be consistent with either consensual sexual intercourse or forceful intercourse. The juvenile argues that because the medical testimony supports either theory, it cannot be used to establish an adjudication beyond a reasonable doubt. Missouri law provides that when two equally valid inferences can be drawn from the same evidence, that evidence does not establish the juvenile committed the offense beyond a reasonable doubt. *State v. Black*, 611 S.W.2d 236, 240 (Mo.App.1980). Thus, the medical testimony does not persuade this court as to the issue of A.S.B.'s violation of the statute.

voluntarily entered A.S.B.'s car to get out of the rain. She further testified that when A.S.B. started to exit the parking lot she asked him where they were going, to which he replied they were going to look for Maureen. Once they were parked at the construction site, K.M.J. testified that A.S.B. physically pulled her into the back seat of his automobile. He then undressed K.M.J. and forcibly had sexual intercourse with her, without her consent. During this entire time, K.M.J. testified that she struggled and repeatedly said "no." Furthermore, K.M.J. testified that the rape was painful.

■ In the present case, A.S.B. argues that the testimony of K.M.J. was full of inconsistencies and contradictions, thus requiring corroboration. However, this court concludes that the testimony concerning the essential issues of consent and force is not so inconsistent or contradictory to leave the court's mind "clouded with doubt." A.S.B. first points to K.M.J.'s testimony that when A.S.B. got in the back seat she reached for the door. She testified that she did not know if she opened it or not. On cross-examination, she was reminded of her deposition testimony where she testified that she guessed that when A.S.B. got in the back seat he locked her door because she was unable to open it. She also stated that she did not know how he locked it, because she did not know where the lock was. This court concludes that K.M.J.'s testimony regarding the car door does not concern an element essential to the rape conviction, i.e., force or consent, and therefore, it is not necessary for this court to determine whether the testimony is contradictory or inconsistent.

Next, A.S.B. argues that K.M.J. testified that the sexual intercourse was painful, yet she did not tell the examining physician, Dr. Gador, that the rape was painful. This testimony is not contradictory or inconsistent. There is no evidence that K.M.J. was ever asked by Dr. Gador whether the incident was painful. Dr. Gador testified that K.M.J. was very upset and also very quiet during the examination. Therefore, it was not inconsistent or contradictory for K.M.J.

to remain silent as to the issue during the exam and testify that the incident was painful at trial.

The juvenile further argues that K.M.J. testified that A.S.B. told her he was very drunk, yet K.M.J. did not tell this information to the detective who interviewed her two days after the incident. Again, there is no evidence in the record that K.M.J. was ever asked by the police officer about whether A.S.B. had been drinking. Furthermore, K.M.J. testified that A.S.B. did not appear drunk when she came into contact with him. Therefore, it was not inconsistent or contradictory for K.M.J. to remain silent as to A.S.B.'s comments during the police interview and testify about the statements during the trial. Furthermore, the testimony did not bear upon an essential element of the offense. This court concludes that A.S.B.'s allegations of K.M.J.'s inconsistencies and contradictions are without merit.

While the lack of any bruises on her trunk or her extremities raises some suspicion concerning the truth of her testimony that she was pulled into the back seat and held down, it cannot be said that the lack of bruises is so improbable as to destroy her testimony. Rather, these are matters for the trial court to weigh and determine. Different people respond in different fashion to an impending sexual assault. Simply because K.M.J. did not unleash violent attacks on A.S.B. does not mean that she consented or that A.S.B. used no force.

The juvenile also urges that K.M.J. had a motive for fabricating the true facts surrounding the incident. Testimony revealed that K.M.J. was wearing her step-father's polo shirt on the night of the incident, and that K.M.J. was afraid her step-father would be very upset with her for getting blood on the shirt. She also acknowledged she was afraid that her parents would think that she was "loose" after they found out about the incident. After hearing all the evidence, the trial court found A.S.B. to have committed the offense of rape. This court concludes it was not unreasonable for the trial court to believe K.M.J.'s testimony even though K.M.J. could have had a mo-

tive for lying. The mere possibility that a party might not tell the truth because of the feared and anticipated consequences, without more, is not illustrative of any trial court error.

In adjudicating A.S.B. to have committed the act of rape the trial court evaluated the testimony of all the witnesses and determined that K.M.J.'s testimony had proven the juvenile committed the act of rape beyond a reasonable doubt. Even though the trial court stated he had some trouble with K.M.J.'s testimony, he found that substantial uncontradicted testimony was present to prove the essential elements of this case, force and lack of consent. The court also stated that he found Maureen's testimony very credible, which corroborated K.M.J.'s testimony as to the order of events before and after the rape. Furthermore, the trial judge had the opportunity to observe each witness testify, which is something this court is not afforded an opportunity to do. This court concludes after study of the record in this case that K.M.J.'s testimony is not so contradictory or in conflict with physical facts, surrounding circumstances, and common experience as to require corroboration. *See Burch*, 778 S.W.2d at 739. Thus, this court defers to the trial court's credibility assessment of the witnesses and its finding that A.S.B. violated § 566.030. Point I is denied.

### Shifting the Burden of Proof

█ In his final point on appeal, the juvenile argues that the trial court erred in sustaining the adjudication of rape because the burden of persuasion was shifted to the juvenile in that the trial court required the juvenile to disprove the elements of the offense in violation of the due process clause of the fifth and fourteenth amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution.

While the trial judge was discussing his rendition of the adjudication, he stated the following:

> I was bothered by the juvenile's testimony, particularly concerning some of his quotes. I think he may view himself as having some significant sexual prowess that he's got two girls, he claims, that want to have sex with him. He describes all of these requests by [K.M.J.] to have sex with him. He carries condoms around in his car so that he is already prepared, I guess. And then he brings in a girlfriend to come up here and say that she's had sex with him before. So I was disturbed by that, and I really didn't buy into his description, entirely, of the events of the evening as well, particularly his rationale and description of why he changed his shirt. To me that doesn't make sense, as well.

The juvenile argues that the trial court's findings indicate that the trial judge expected A.S.B. to persuade the court that the events in the car took place with K.M.J.'s consent and without forcible compulsion.

This court concludes that the trial court's comments did not shift the burden of proof to the juvenile to prove his innocence. The court was simply reciting factors which played a role in his decision in this case. He was evaluating the testimony of each witness and showing how each person's testimony affected the result that he reached. The trial court is allowed to believe part, all, or none of any witness' testimony. *In the Interest of JM*, 812 S.W.2d at 934. The trial judge rejected portions of both K.M.J.'s and A.S.B.'s testimony. The trial court is free to make such assessments. This does not mean that the burden of proof was shifted to the juvenile to prove his innocence. Point II is denied.

Judgment is affirmed.

All concur.