In the Interest of N.J.B., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 52604.

Missouri Court of Appeals,
Western District.

March 25, 1997.

---

3. We added the emphasis.

4. Quoting *Bertine*, 479 U.S. at 372, 107 S.Ct. at 741.

S.S.W., a female minor, to unwanted physical contact which would constitute sexual contact except that the touching occurred through her clothing, a class A misdemeanor in violation of § 566.090, RSMo 1994. Appellant, who has a history of behavioral problems, was within the jurisdiction of the court and had been under detention when the events leading up to this appeal took place. On February 23, 1996, the court discharged appellant from the jurisdiction of the court and transferred him to the custody of the Division of Youth Services (DYS). Appellant argues the court erred in finding that sufficient facts existed to sustain beyond a reasonable doubt S.S.W.'s allegations for the reason that this determination was against the weight of the evidence. Affirmed.

On October 13, 1995, S.S.W. went shopping with her family. Once at the store, she separated from her family to shop for shoes. While in the shoe department S.S.W. saw appellant and recognized him as someone who lived in her apartment complex. Appellant was accompanied by two other male minors, D.D.P. and A.R. There was conflicting testimony as to what transpired following this encounter.

S.S.W. testified that appellant approached her, grabbed her hand and asked her to go with him. S.S.W. further testified that she refused to go, but that appellant began pulling her to a nearby room where the shoes were stored. Although S.S.W. prevented appellant from pulling her into the room, she testified that he unbuttoned some buttons on her shirt and rubbed her chest and buttocks without her permission. S.S.W. eventually escaped appellant's grasp and rejoined her family. S.S.W. informed the police of this alleged incident on October 15, 1995.

A different version of events was recounted by D.D.P. and A.R. When appellant stated that he knew S.S.W. and wanted to talk to her, D.D.P. testified that he jokingly said that appellant did not know her even though he had previously seen appellant and S.S.W. talking together. D.D.P. and A.R. both testified that appellant and S.S.W. engaged in a friendly conversation and that appellant neither grabbed S.S.W. by her hand or wrist nor touched her chest or buttocks. They

Brian C. Behrens, Kansas City, for appellant.

James E. Herbertson, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and BERREY and EDWIN H. SMITH, JJ.

BERREY, Judge.

The appeal before us follows a judgment in the Family Court (court) ruling that appellant, a male minor, purposely subjected

both also testified that appellant hugged S.S.W. However, D.D.P. testified that appellant hugged S.S.W. from behind and A.R. testified that appellant hugged S.S.W. from the front.

In the Fifth Amended Motion to Modify, the attorney for the juvenile officer requested that the court modify its previous orders in this case and included S.S.W.'s allegations recited above as Count III.[1] After a hearing on February 22, 1996, the court found "by evidence beyond a reasonable doubt, sufficient facts adduced to sustain the allegations made and contained in Count III of the fifth amended motion to modify herein." In its judgment the court found appellant to be in need of care and treatment pursuant to § 211.031.1(3), RSMo 1994 and committed appellant to the custody of the DYS pursuant to § 211.181.3, RSMo 1994 for appropriate placement. The court later denied appellant's Motion for Rehearing. This appeal followed.

■ As this is a court-tried action, the trial court's judgment will be sustained unless it is against the weight of the evidence, erroneously declares the law, or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This standard applies in all juvenile court actions. *R.D. v. J.D.*, 842 S.W.2d 560, 561 (Mo.App. 1992). In determining the sufficiency of evidence to sustain an adjudication in a juvenile proceeding, we view the evidence and reasonable inferences which may be drawn therefrom in the light most favorable to the verdict and ignore all evidence and inferences to the contrary. *A.S.B. v. Juvenile Officer*, 842 S.W.2d 234, 236 (Mo.App.1992).

Appellant contends there were insufficient facts presented at the hearing for the court to sustain the allegations contained in Count III since two witnesses testified that appellant did not touch S.S.W. in any manner that she did not consent to. According to appellant, a balancing of the testimony of D.D.P. and A.R. against the unsubstantiated testimony of S.S.W. clearly shows that the court's determination was against the weight of evidence. We disagree.

■ We must first, however, address a collateral issue raised by both parties. Appellant argues that the allegations must be proven beyond a reasonable doubt pursuant to Supreme Court Rule 117.05(a) pertaining to the Juvenile Court. *See In the Interest of P.A.M.*, 606 S.W.2d 449, 452 (Mo.App.1980). The State contends that the proper burden of proof is clear and convincing evidence pursuant to Rule 117.05(b) because the hearing below was on a motion to modify alleging a delinquent act committed by appellant, who was already a ward of the court and on probation. *See C.E.E. v. Juvenile Officer*, 727 S.W.2d 451 (Mo.App.1987). Rule 117.05 reads in full:

a. In all hearings upon a petition alleging as a basis for jurisdiction that the juvenile has committed an act or acts which would be a crime if committed by an adult, such act or acts shall be proved beyond a reasonable doubt.

b. In all other hearings the facts alleged shall be proved by clear and convincing evidence.

In *C.E.E.*, the juvenile was committed to the custody of DYS, but execution of the commitment was stayed and the juvenile was placed on probation in his father's custody. The deputy juvenile officer later filed a motion to modify alleging the juvenile had committed a felony and a misdemeanor. The court found clear and convincing evidence that the juvenile committed the crimes, re-

---

1. Count I was dismissed. The allegations in Counts II and IV were admitted by appellant. They read:

Count II. The behavior of the juvenile is injurious to his welfare and in violation of the terms of Home Detention and the order of the Court in that on or about October 12, 1995, he left home without permission and remained away until returning on or about October 14, 1995. Further, he was absent from school without justification October 12 and 13, 1995.

Count IV. The behavior of the juvenile is injurious to his welfare and in violation of the terms of Home Detention and the order of the Court in that on or about October 25, 1995, he removed the Home Detention monitor from his ankle and left home without permission. Further, his whereabouts were unknown to the Court from that date until he was apprehended by police December 8, 1995, pursuant to an order of the Court.

voked his probation and remanded him to the custody of DYS. 727 S.W.2d at 451–52. On appeal, this Court determined that "[i]nasmuch as this hearing is in effect a probation revocation hearing, the standard of proof as set forth in Rule 117.05(b) applies." *Id.* at 452. The opinion continues:

> To require evidence beyond a reasonable doubt to revoke probation would require a standard for revocation of probation as high as the initial delinquency determination. Rule 117.05(a). Section 211.181 RSMo 1986, grants authority to the court to suspend execution of its order and to place a juvenile on probation. It also provides that after a hearing the court may revoke probation and execute the suspended order.

*Id.* at 453.

Because appellant was already in the court's jurisdiction, we find *C.E.E.* to be controlling. Consequently, the allegations in this case must be proved by clear and convincing evidence pursuant to Rule 117.05(b).

■ It is not necessary that S.S.W.'s testimony be substantiated by another. Ordinarily, the uncorroborated testimony of the victim of a rape, sodomy or sexual assault is sufficient to support a conviction for those offenses. *See e.g., State v. Harris,* 620 S.W.2d 349, 353–54 (Mo. banc 1981). Her version of events when she first spoke with the police corresponded with her testimony at the hearing. On the other hand, the testimony of D.D.P. and A.R. contained inconsistencies. A reviewing court does not determine the credibility of witnesses or weigh evidence, but rather will defer to the trial court's superior position from which to determine the credibility of witnesses. *State v. Blakenship,* 830 S.W.2d 1, 16 (Mo. banc 1992). We find that there was clear and convincing evidence to prove the allegations of Count III.

Affirmed.

All concur.