925 P.2d 1073

**STATE of Arizona, Appellee,**

v.

·Jacson Jomo WILLIAMS, Appellant.

No. 1 CA–CR 95–0763.

Court·of Appeals of Arizona,
Division 1, Department C.

·Oct. 10, 1996.

As Amended Nov. 20, 1996.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Robert S. Golden, Assistant Attorney General, Phoenix, for Appellee.

Richard D. Engler, Yuma, for Appellant.

## OPINION

PATTERSON, Judge.

The sole issue presented is whether the removal of an electronic monitoring device and an unauthorized departure from home detention constitute escape as defined by Arizona Revised Statutes Annotated ("A.R.S.") section 13–2503(A)(2)(Supp.1995). We find that Defendant did escape from constructive custody imposed by the trial court and therefore affirm.

### FACTS AND PROCEDURAL HISTORY

The facts necessary to a resolution of this appeal are not in dispute. On March 2, 1995, Jacson Jomo Williams ("Defendant"), subsequent to an arrest but prior to trial, was released from the Yuma County Adult Detention Facility. The trial court then placed Defendant in the custody of the Yuma County Pretrial Services. He was ordered to wear an electronic monitoring device and remain in his home as a condition of this pretrial release.

On March 18, 1995, Defendant removed the electronic monitoring device from his ankle and left Arizona. He was arrested two days later in Brawley, California. Defendant was indicted for escape pursuant to A.R.S. section 13–2503(A)(2), which provides:

A. A person commits escape in the second degree by knowingly:

\* \* \* \* \* \*

2. Escaping or attempting to escape from custody imposed as a result of having been arrested for, charged with or found guilty of a felony.

Defendant requested that the trial court dismiss the escape charge arguing that he was not in "custody." The request was denied, and a bench trial commenced on September 12, 1995. The trial court found Defendant guilty of escape in the second degree with one prior felony. Defendant was sentenced to the presumptive term of 2.25 years.

## DISCUSSION

We first address an incorrect factual assertion by defense counsel. He states that Defendant was "released on probation with electronic monitoring as a condition of that probation." Although this was not addressed by the state, our review indicates that this statement is not supported by the record.

On December 15, 1994, Defendant was found guilty of attempted theft.[1] The trial court suspended the sentence, placed Defendant on intensive probation for three years and ordered that he serve sixty days in the Yuma County Jail. Defense counsel appears to believe that Defendant was released from the sixty-day incarceration to pretrial services. This is not so.

The record contains a form entitled Standard Conditions of Release. The release form placed Defendant into level four custody for pretrial services, which means house arrest and electronic monitoring. The release related to the charges of aggravated assault[2] and attempted robbery[3]. Additionally, Defendant's trial memorandum in support of his motion to dismiss provides as follows:

> the defendant was released from the Yuma County Adult Detention Facility and placed on electronic monitoring as a condition of release in case No. C–21318, pursuant to the County's pretrial release program. The defendant was also on probation in case No. C–21109 for attempted theft, a class 6 felony at the time of his release. **Electronic monitoring was a condition of pretrial release only, however, and not a condition of probation.**

(Emphasis added.) The state, in its response, summarized the facts as follows:

> Defendant was arrested on November 1, 1994. The defendant was arraigned on felony charges on November 14, 1995 [sic]. The defendant was released from pre-trial confinement and placed on electronic moni-

toring on March 2, 1995 pursuant to the order of Judge Kirby Kongable.

We frame the dispositive issue as whether Defendant's commitment to the custody of pretrial services with placement in home detention and electronic monitoring constitute "custody" within the meaning of A.R.S. section 13–2503(A)(2).

■ Custody begins when an arrest is made and continues until the defendant is lawfully discharged. *See e.g., State v. Sanchez,* 145 Ariz. 313, 701 P.2d 571 (1985). An escape occurs when there is a "departure from custody ... with knowledge that such departure is unpermitted." A.R.S. § 13–2501(4). Custody is defined as "the imposition of actual or constructive restraint pursuant to an on-site arrest or court order...." A.R.S. § 13–2501(3).

■ Here, Defendant was arrested on felony charges and incarcerated. He was then released, pursuant to a court order, into the custody of Yuma County pretrial services program. He admitted that the conditions of release were read to him and that he signed the form. Those conditions required that Defendant wear the monitoring device at all times and remain in his home unless he was given express permission to leave. Defendant understood these conditions because on several occasions he requested, and was granted, permission to leave. On the evening of his departure, however, Defendant did not request permission to remove the device or to leave Arizona.

This court has stated that "[t]he clear intent of the language of [A.R.S. section 13–2501(3) ] is that the 'court order' did not require physical restraint of an individual. Rather, the word 'order' denotes a communication to that individual that he is in custody and not free to leave." *State v. Sanchez,* 175 Ariz. 52, 52, 852 P.2d 1236, 1236 (App.1992). Defendant's removal of the electronic monitoring device and unauthorized departure from his home and Arizona constitute an act of departing from court-ordered custody.[4]

---

1. Case number C–21109.

2. Case number C–21318.

3. Case Number C–21329.

4. We were not presented the question of whether removal of an electronic monitoring device constitutes an escape. That question is not addressed by this opinion.

624

The record fully supports the conclusion that Defendant had a clear understanding that he was not permitted to remove the monitoring device or to leave his residence without permission. The trial court did not err in denying Defendant's request to dismiss the escape charge.

Defendant's conviction and sentence are therefore affirmed.

EHRLICH, P.J., and GARBARINO, J., concur.