986 P.2d 901

**In re FERNANDO C.**

**No. 2 CA–JV 98–0089.**

Court of Appeals of Arizona,
Division 2, Department B.

May 3, 1999.

Review Denied Sept. 21, 1999.

Barbara LaWall, Pima County Attorney By Chris Ward, Tucson, Attorneys for State.

Susan A. Kettlewell, Pima County Public Defender By Anthony Payson II, Tucson, Attorneys for Minor.

*OPINION*

ESPINOSA, Judge.

¶ 1 The issue in this case is whether A.R.S. § 13–901.01, the Drug Medicalization Prevention and Control Act of 1996, applies to juveniles. We conclude it does not and affirm.

¶ 2 On April 29, 1998, the minor was placed on probation for twelve months for having committed the offense of unlawful possession of marijuana, a class one misdemeanor. In August 1998, he admitted to a violation of probation after he tested positive for cocaine. The minor was returned to standard probation and placed in the Pima County Juvenile Drug Court Program. In September, he committed the second offense of unlawful possession of marijuana and admitted the offense as both a delinquent act and as a ground for finding that he had violated his probation. A disposition hearing was held in

October and the juvenile court committed the minor to the Department of Juvenile Corrections (DOJC) for a minimum of eight months on the condition that if he were not placed in the Recovery Program by DOJC, he would only be held in Level IV secure care for three months.[1]

¶3 On appeal, the minor contends that, because he is a non-violent drug offender, the juvenile court erred by committing him to DOJC rather than following § 13–901.01 and continuing him on probation pursuant to A.R.S. § 13–901(I).

¶4 Section 13–901.01 provides, in pertinent part, as follows:

> A. Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.[2]

Although the minor concedes that the proper terminology would categorize him as having been "adjudicated" and not "convicted," he maintains that the ordinary meaning of the word "convicted" should be applied and that it extends to juvenile court proceedings. Additionally, he argues that Proposition 200, the initiative measure approved by voters on November 5, 1996, changed the justice system approach to non-violent drug offenders and should apply to juvenile offenders, not just persons charged and tried as an adult. However, the minor is unable to point to any language in the proposition or the subsequent enacting legislation which would demonstrate that juveniles were included within the Act's purview.

¶5 We find the use of the word "convicted" in § 13–901.01(A) dispositive of the issue. Section 8–207(A), A.R.S., provides that a juvenile court order of adjudication "shall not be deemed a conviction of crime. . . ." See also *State v. Superior Court,* 187 Ariz. 411,

930 P.2d 488 (App.1996). The minor argues that the application of § 13–901.01 to the juvenile court system is consistent with the purpose and intent of Proposition 200 to, among other things, stress drug education and community service, placing offenders in drug intervention programs rather than in prison. However, Proposition 200 was not necessary to effect such a change in the juvenile court system and, indeed, would have been redundant were it to have done so. The philosophy of the juvenile court system has always been to "stand[ ] in the position of a protecting parent rather than a prosecutor." *Application of Gault,* 99 Ariz. 181, 188, 407 P.2d 760, 765 (1965), reversed on other grounds, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). "The purpose of disposition following an adjudication of delinquency is rehabilitation, not punishment." *Maricopa County Juvenile Action No. JV–510312,* 183 Ariz. 116, 118, 901 P.2d 464, 466 (App.1995).

¶6 Where the legislature has intended to encompass minors in a statute, it has done so clearly. For example, A.R.S. § 31–281 provides in pertinent part: "A. A person convicted or adjudicated delinquent of a sexual offense. . . ." Absent similar language in § 13–901.01, we find it does not apply to minors adjudicated delinquent. We therefore affirm the juvenile court's adjudication and disposition orders.

CONCURRING: J. WILLIAM BRAMMER, JR., Presiding Judge, and JOSEPH W. HOWARD, Judge.

---

1. The Recovery Program is a six-month drug rehabilitation program.

2. We note that the minor relies on this language, while the state cites language from a different version of § 13–901.01 which had also amended the previous statute, but had done so a short time

before the version cited by the minor. See 1997 Ariz. Sess. Laws, ch. 104, § 2, and ch. 246, § 1. That there were two amendments to the prior statute within a short period of time is irrelevant here because both versions require a "conviction" before they mandate probation.