147 P.3d 1047

**In re BRITTANY Y.**

**No. 1 CA–JV 06–0067.**

Court of Appeals of Arizona,
Division 1, Department E.

Nov. 16, 2006.

James J. Haas, Maricopa County Public Defender By Ann M. Whitaker, Deputy Public Defender, Suzanne Sanchez, Deputy Public Defender, Mesa, Attorneys for Appellant.

Andrew P. Thomas, Maricopa County Attorney By Arthur Hazelton, Deputy County Attorney, Phoenix, Attorneys for Appellee.

**OPINION**

GEMMILL, Judge.

¶ 1 Brittany Y. appeals the juvenile court's adjudication and resulting disposition. She contends that the court committed legal error when it found her delinquent for escape pursuant to Arizona Revised Statutes ("A.R.S.") section 13–2502(A) (2001) because she was not in custody for a "misdemeanor or petty offense" when she removed an electronic ankle monitor and left home. The court had imposed home detention and electronic monitoring as a condition of her release during probation violation proceedings, and she contends that she was not in custody for purposes of escape. We conclude, however, that she was in custody for her original adjudication of delinquency for shoplifting, a misdemeanor. We therefore affirm the juvenile court's adjudication and disposition.

**I.**

¶ 2 The pertinent facts are not disputed. In July 2005, the juvenile court adjudicated Brittany delinquent for shoplifting, a class one misdemeanor. At the disposition hearing, the court placed Brittany on standard probation in the custody of her mother.

¶ 3 In October 2005, Brittany admitted violating the terms of her probation and was again placed on probation. In December 2005, she committed another probation violation. While awaiting disposition on the December violation, Brittany was released to

her mother's care, placed on home detention, and ordered to wear an electronic ankle monitor.

¶ 4 In early January 2006, a petition was filed against Brittany alleging that she had committed the offense of escape on December 29, 2005, by cutting off her ankle bracelet and leaving her mother's home. In February 2006, the juvenile court found Brittany delinquent for escape in the third degree pursuant to A.R.S. § 13–2502. At a consolidated disposition hearing in March 2006 on the escape delinquency and the December 2005 probation violation, the court placed Brittany on standard probation and ordered her to undergo residential treatment at the New Foundation facility.

¶ 5 Brittany filed a timely notice of appeal. We have jurisdiction in accordance with A.R.S. § 8–235(A) (Supp.2005) and Arizona Rule of Procedure for the Juvenile Court 88.

## II.

 ¶ 6 Brittany claims that as a matter of law she could not have escaped from custody in accordance with A.R.S. § 13–2502(A) on December 29, 2005. We review questions of law *de novo*. *In re Ryan A.*, 202 Ariz. 19, 21, ¶ 7, 39 P.3d 543, 545 (App.2002).

¶ 7 Section 13–2502(A), A.R.S., defines escape in the third degree:

> A person commits escape in the third degree if, having been *arrested for, charged with or found guilty of a misdemeanor or petty offense,* such person knowingly escapes or attempts to escape from custody.

(Emphasis added.)

¶ 8 Brittany was previously adjudicated delinquent for shoplifting, a misdemeanor. She concedes that she cut off the electronic ankle monitor on December 29, 2005 and left home. Her position on appeal is that she could not commit escape in the third degree under A.R.S. § 13–2502(A) because she was not at that time in custody for a "misdemeanor or petty offense" as required by § 13–2502(A). She asserts, instead, that the electronic monitoring and home detention was imposed in conjunction with probation violation proceedings. She then argues that because a juvenile probation violation is not a misdemeanor

or petty offense as required under § 13–2502(A), it must follow as a matter of law that she did not commit escape when she cut off her electronic ankle monitor and left home.

¶ 9 We first address whether home detention and electronic monitoring may constitute custody for purposes of evaluating whether the offense of escape has been committed by a juvenile. An escape occurs when there is a "departure from custody ... with knowledge that such departure is unpermitted." A.R.S. § 13–2501(4) (Supp.2005). "Custody" is defined as "the imposition of actual or constructive restraint pursuant to an on-site arrest or court order." A.R.S. § 13–2501(3). " 'Restraint' is not defined by statute, but the common understanding of the word connotes controlling, limiting, or restricting the movement of another." *State v. Stroud,* 209 Ariz. 410, 412, ¶ 9, 103 P.3d 912, 914 (2005). Applying these definitions, Brittany was under restraint and in custody on December 29, 2005 because the juvenile court had restricted her movement by ordering home detention and electronic monitoring.

¶ 10 In the adult criminal context, this court in *State v. Williams,* 186 Ariz. 622, 623, 925 P.2d 1073, 1074 (App.1996), held that the unauthorized removal of an electronic monitoring device and departure from home detention constitutes an act of departing from custody. We perceive no reason why the same conclusion should not be reached in a juvenile delinquency proceeding, and Brittany has not argued otherwise. Therefore, we hold that the unauthorized removal of an electronic monitoring device and departure from home detention constitutes an act of departing from custody for the purpose of determining whether a juvenile has committed the offense of escape in the third degree.

 ¶ 11 We next address Brittany's primary argument that because she was in custody on December 29, 2005 for a probation violation that did not relate back to the shoplifting adjudication, she was not in custody for a misdemeanor or petty offense as required by A.R.S. § 13–2502(A). Stated another way, Brittany is essentially arguing that a probation violation is a separate offense or event that does not constitute a misdemeanor or petty offense for escape pur-

poses. We believe Brittany misunderstands the nature of juvenile probation, and we conclude that the probation violation that preceded the imposition of home detention and electronic monitoring did not constitute a new or separate offense. Rather, Brittany's status—in custody by virtue of home detention and electronic monitoring—related back to the original shoplifting adjudication.

¶ 12 If a juvenile is found in violation of probation, the juvenile court has broad discretion to "revoke, modify, or continue probation." Ariz. R.P. Juv. Ct. 32(E)(5). *Cf.* A.R.S. § 8–341(B) (Supp.2005) (setting presumptive limit of one year on juvenile probation unless probation violation has occurred); *In re Stephanie N.*, 210 Ariz. 317, 320, ¶ 20, 110 P.3d 1280, 1283 (App.2005) (permitting the continuation of probation beyond one-year term because of probation violation). "When the juvenile court imposes probation, the court retains jurisdiction and discretion to modify or supplement the terms of probation." *In re J.G.*, 196 Ariz. 91, 94, ¶ 13, 993 P.2d 1055, 1058 (App.1999).

¶ 13 In *Maricopa County Juvenile Action No. J–72918–S*, 111 Ariz. 135, 524 P.2d 1310 (1974), our supreme court explained that a violation of probation does not change the fact that the juvenile remains delinquent for the original offense:

> If a juvenile has been adjudicated a delinquent and placed on probation a violation of those terms does not change the status of the juvenile as a delinquent. This adjudication has already been made and the jurisdiction of the juvenile court established. The consequences of a violation of probation can mean a change in the disposition of the juvenile by the court, *but a finding of violation of probation in no way affects the original status of the juvenile as a delinquent.*

*Id.* at 137, 524 P.2d at 1312 (emphasis added). Therefore, contrary to Brittany's argu-

ment, her intervening probation violations *did not change or eliminate her status as* delinquent for misdemeanor shoplifting and did not diminish the fact that she remained on probation for that offense.

¶ 14 Brittany's adjudication of delinquency for shoplifting formed the foundation for her initial placement on probation as well as her continued placement on probation. Home detention with electronic monitoring was imposed as a term of release during her probation. She has cited no statutes, rules, or cases that persuade us that a probation violation is a stand-alone event that severs the connection between an adjudication and probationary status.

¶ 15 Our conclusion that a probation violation is not a stand-alone offense separate and apart from the underlying adjudication is also supported by the comparison of the burden of proof for a new conviction—beyond a reasonable doubt—with the burden of proof for a probation violation—preponderance of the evidence. *Compare* Ariz. R.P. Juv. Ct. 29(C) *with* Ariz. R.P. Juv. Ct. 32(E)(2).[1]

### III.

¶ 16 Brittany's probation resulted from and related back to the adjudication of delinquency for shoplifting. The statutory elements of escape in the third degree were present when Brittany cut off her ankle monitor and left home. We therefore affirm the juvenile court's adjudication of Brittany as delinquent for escape and the subsequent disposition.

CONCURRING: JON W. THOMPSON, Presiding Judge and SUSAN A. EHRLICH, Judge.

---

1. Although Brittany has not challenged whether the language of A.R.S. § 13–2502(A) regarding a person "found guilty of a misdemeanor" applies to a juvenile who has been adjudicated delinquent of a misdemeanor, the juvenile court's finding that Brittany was delinquent for shoplifting is a judicial determination that she committed the offense of shoplifting. *See* A.R.S. § 8–201(10) (Supp.2005) (defining "[d]elinquent act"

as "an act by a juvenile that if committed by an adult would be a criminal offense or a petty offense"). We note, however, that a finding that a juvenile committed a delinquent act is not the same as the conviction of an adult for the same offense, *see* A.R.S. § 8–207(A) (Supp.2005), and often results in different consequences. *See In re Fernando C.*, 195 Ariz. 233, 234, ¶ 5, 986 P.2d 901, 902 (App.1999).