NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ELIAS U., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, R.U., A.U., D.U., E.U., *Appellees*.

No. 1 CA-JV 21-0151
FILED 12-16-2021

Appeal from the Superior Court in Maricopa County
No. JD31364
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Elias Udechime, Phoenix
*Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Chief Judge Kent E. Cattani and Judge Maurice Portley[1] joined.

---

**T H U M M A,** Judge:

¶1 Elias Udechime appeals from the denial of his petition to vacate or set aside the termination of his parental rights to his four children. Because he has shown no error, this court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2 Elias and Chinonye Udechime had four children together, born in 2004, 2006, 2011 and 2013 respectively. After a reported domestic violence incident months earlier, in September 2015, Chinonye was found dead in their home, and the Department of Child Safety (DCS) took custody of the children. Chinonye's death was suspicious, and Elias was a suspect, although he was not immediately charged criminally.

¶3 In November 2015, the court found the children dependent and adopted a family reunification case plan. Elias participated in some reunification services, but not others. The Medical Examiner then ruled Chinonye's death a homicide. In November 2016, the court changed the case plan to severance and adoption. In December 2016, DCS timely moved to terminate that, as amended, alleged nine- and 15-months time-in-care.

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

**¶4**　　　　By September 2017, Elias was in custody, facing criminal charges for Chinonye's murder. At an October 2017 severance adjudication, although still in custody, Elias "refused to appear." As a result, the court found Elias "failed to appear without good cause and [] has therefore waived his right to contest the allegations in the severance motion." After receiving evidence and considering closing arguments, in January 2018, the court granted the motion to terminate on both statutory grounds, also finding termination of Elias' parental rights was in the best interests of the children.

**¶5**　　　　Elias' appeal from that decision was dismissed in April 2018, based on his attorney's avowal that there was "no non-frivolous issue to raise." Ariz. R. P. Juv. Ct. 106(G). The children were adopted, and the dependency dismissed, in early January 2019.

**¶6**　　　　In April 2021, almost three years after the mandate issued in that appeal and at a time he remained in jail, Elias filed a "Petition for Writ of Error Coram Nobis to Vacate/Set-Aside Entered Judgment."[2] Construing the petition as a motion to set aside the order granting the termination motion, the court denied it as untimely, noting the passage of time and that the children had already been adopted. Elias then unsuccessfully sought reconsideration of that ruling. This court has jurisdiction over Elias' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) (2021).[3]

---

[2] A writ of error coram nobis "was to have a judgment corrected by an examination, by the court rendering it, into some question of fact affecting the validity and regularity of the proceedings . . . . The writ has become obsolete, having been superseded by the modern practice of applying to the court by motion for the relief sought." *Billups v. Freeman*, 5 Ariz. 268, 271 (1898) (citation omitted); *accord* Fed. R. Civ. P. 60(e) (abolishing writs of coram nobis in federal court).

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

**¶7**        This court reviews questions of law, including interpretation of statutes, court rules and constitutional issues, de novo. *In re Brittany Y.*, 214 Ariz. 31, 32 ¶ 6 (App. 2006); *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442 ¶ 15 (2018).

### I.        Elias' Arguments Implicating the Adoption Order Are Barred.

**¶8**        To the extent Elias challenges the January 2019 adoption order, his claim is barred. "After one year from the date the adoption decree is entered, any irregularity in the proceeding shall be deemed cured and the validity of the decree shall not thereafter be subject to attack on any such ground in any collateral or direct proceeding." A.R.S. § 8-123. The children were adopted in January 2019, yet Elias waited until April 2021 to challenge those proceedings. Elias' argument that a severance proceeding is separate from an adoption proceeding does not preclude the application of this statutory bar. Moreover, as discussed below, Elias has failed to show the severance determination was void. Thus, Elias' arguments implicating the adoption order are barred.

### II.        Elias' Request to Set Aside the Termination Order Was Untimely.

**¶9**        The termination order became an appealable "final order" when it was issued in January 2018. *See* Ariz. R.P. Juv. Ct. 103(A). That ruling became final, and akin to a judgment, no later than April 2018, when the mandate issued in Elias' appeal. To challenge that judgment, Elias was required to file a motion within "six (6) months of the final judgment, order or proceeding." Ariz. R.P. Juv. Ct. 46(E). By waiting until April 2021 to challenge that ruling, Elias' request to set aside the termination order was untimely.

### III.        Elias Has Not Shown the Termination Order Was Void.

**¶10**        In challenging the termination order, Elias argues it was void. He asserts that an evidentiary hearing was required to consider his April 2021 petition alleging (1) due process violations; (2) ineffective assistance of counsel and (3) a failure to provide him with trial transcripts. Citing *Brooks v. Consolidated Freightways*, 173 Ariz. 66, 71 (App. 1992), Elias argues a motion to set aside a void judgment cannot be untimely, because Arizona Rule of Civil Procedure 60(b)(4) contains no time limit and "the court must vacate a void judgment or order 'even if the party seeking relief delayed unreasonably.'" Assuming the same analysis applies here, Elias has not shown the termination order was void.

¶11        Although arguing a due process violation because he was not heard during the termination adjudication, Elias fails to acknowledge that he refused to appear at trial. Indeed, the record shows that Elias had an opportunity to be heard: the jail scheduled his transportation to attend the severance hearing, but he refused to attend. After finding Elias "failed to appear without good cause and he has therefore waived his right to contest the allegations in the severance motion," the court properly proceeded with trial, considered evidence and argument and, finding DCS met its burden of proof, granted the motion. *See* A.R.S. § 8-863(C) ("If a parent does not appear at the hearing, the court, after determining that the parent has been served . . . may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear."); Ariz. R.P. Juv. Ct. 66(D)(2) (similar). Elias never timely challenged the finding that he intentionally refused to be transported from jail to attend the severance hearing.

¶12        Elias has not established that his attorney's performance prejudiced his case. It was Elias' own decision not to appear that truncated trial and resulted in him "not being heard." Moreover, his attorney attended trial, cross-examined witnesses, made objections and submitted a written closing argument on Elias' behalf. Nor has Elias shown how the actions or inactions of his appellate counsel made the termination order void or excused his three-year delay in seeking to challenge that order. In sum, Elias has not shown that his decision not to appear at trial could, somehow, constitute a due process violation or that he was deprived of the assistance of counsel.

¶13        Finally, Elias' claim that he had a constitutional right to a trial transcript under *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) does not show that the termination order was void. As noted above, by failing to appear without good cause, Elias waived his legal rights and was deemed to have admitted the allegations in the motion to terminate. *See* A.R.S. § 8-863(C); Ariz. R.P. Juv. Ct. 66(D)(2). Similarly, he does not argue insufficiency of the trial evidence. Finally, and most significantly, he cited the trial transcript in his April 2021 petition filed with the superior court, and his opening brief on appeal attaches as an appendix a trial transcript page. Accordingly, Elias has not shown that any issues regarding access to the trial transcript resulted in a void termination order.[4]

---

[4] To the extent Elias claims the parental termination statute is unconstitutional, the record does not demonstrate his compliance with the

## CONCLUSION

**¶14** Because Elias has shown no error, the denial of his petition to vacate or set aside the termination of his parental rights to his four children is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

necessary procedural requirements to press such a challenge. *See* A.R.S. § 12-1841(A).